## No. 6161.

### Augustus Chevallier vs. A. J. Dyas and Sheriff.

A. J. Dyas, a judgment creditor of W. L. Morgan & Co., caused seizure to be made of a certain house and lot as being the property of his debtors. Chevallier, the plaintiff in this case, enjoined the sale as being the owner of said property. The mercantile firm of W. L. Morgan & Co. was composed of said Morgan and Mrs. Jane Hooper, wife of Church Hooper, who was introduced in this case as a witness on behalf of plaintiff. The judge *a quo* properly overruled the objection made to his testimony on the ground that husband and wife are not allowed by law to testify for or against each other.

Here the controversy is between the plaintiff and the seizing creditor as to the ownership of the property seized. W. L. Morgan & Co. are not parties to the controversy; they set up no title to the property, and have no interest in the result. Therefore the evidence of Church Hooper was admissible.

A second bill of exception was taken to the refusal of the judge to permit the jury to prove that their verdict was really for the plaintiff, and that the word " defendant " was written in the verdict through error instead of " plaintiff." The ruling was correct.

A third bill of exceptions was taken to the admission of Chevallier, the plaintiff, to show title to the real estate in dispute by parol evidence. The plaintiff first established that the public records of the parish of Rapides were destroyed by fire, and he swears that his title to this property was destroyed by this accident. The testimony was admissible under such a state of things.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. Jury trial. *W. F. Blackman* and *A. Cazabat*, for plaintiff and appellant. *R. A. Hunter*, for defendant and appellee.

Taliaferro, J. A. J. Dyas, a judgment creditor of W. L. Morgan & Co., caused seizure to be made under execution of a house and lot in the town of Pineville as property of his debtors. Chevallier, the plaintiff in this injunction suit, set himself up as the owner of the property thus seized, and enjoined the sale of it on that ground.

The defendant denied that plaintiff ever owned the property seized, and prayed a dissolution of the injunction and for one hundred and fifty dollars special damages. The jury before whom the case was tried

rendered a verdict in favor of the defendant, from which the plaintiff has appealed.

The mercantile firm of W. L. Morgan & Co. was composed of W. L. Morgan and Mrs. Jane Hooper, wife of Church Hooper. In this case, the husband was introduced as a witness on behalf of the plaintiff, and objection being made and overruled, a bill of exceptions was taken, the ground being that husband and wife are not allowed by law to testify for or against each other. Here the controversy is between the plaintiff and the seizing creditor as to the ownership of the property seized. W. L. Morgan & Co. are not parties to this controversy. They set up no title to the property, and have no interest in the result. We think the evidence was admissible. A second bill of exceptions was taken to the refusal of the judge to permit the jury to prove that their verdict was really for the plaintiff, and that the word "defendant" was written in the verdict through error instead of "plaintiff." The ruling was correct. 11 La. 141; 12 An. 3.

A third bill of exceptions was taken to the admission of Chevallier, the plaintiff, to show title to the real estate in dispute by parol evidence. The plaintiff first established that the public records of the parish of Rapides were destroyed by fire in the year 1864, and he swears that his title to this property was destroyed by that accident. The testimony was admissible under that state of facts.

There are two other bills of exceptions in the record, which it is unnecessary to pass upon in the decision of this case. The evidence, we conclude, preponderates in favor of the plaintiff. He swears that he acquired title to this property in the year 1833 or 1834 from one Tally, and that he has been in possession of it ever since; that at the time of the seizure the property was not rented; that he sold the property to C. Hooper for eight hundred dollars, of which five hundred dollars were paid, but no title was ever made, as the contract was that title should be made when the remainder of the price was paid; that Hooper failed to pay the remainder of the price.

Labat, a witness, swore that he had known the property for thirty years, and that Chevallier was the recognized owner of it, and that he has been in possession of it ever since. Hooper swears that, finding himself unable to pay finally for the property, he proposed to give it back, and that Chevallier in consideration that he had paid two hundred dollars, and had re-covered and weatherboarded the house, agreed that Hooper might occupy the house four years free of rent, on condition the latter would pay the taxes and keep up the general repairs on the property; and it is for this reason that the property was assessed in the name of his wife. That no title was ever made to this property either to himself or to his wife.

The defendant shows some discrepancy in the testimony of the plaintiff, but on the whole he has himself produced no evidence that overcomes that brought forward by the plaintiff.

It is therefore ordered that the judgment of the district court be annulled and reversed. It is further ordered that there be judgment in favor of the plaintiff, recognizing him to be the owner of the property in controversy as against the defendant, and that the injunction be perpetuated, the defendant and appellee paying costs in both courts.