## JOHN PETITTI v. STATE.

No. 183. Opinion Filed March 29, 1909.

(100 Pac. 1122.)

1. **TRIAL—Reception of Verdict.** In a criminal case the verdict, when returned into open court, must be read to the jury, and they must be asked if they all agree to the verdict, and they must assent thereto before they are discharged.

2. **SAME—Correction of Verdict.** When the jury have returned into court a verdict finding the defendant not guilty, it is error, after the jury have been discharged and mingled with the public, for the court to recall the members of the jury and require or permit them to impeach the verdict returned into court by testifying that they really intended to find the defendant guilty.

(Syllabus by the Court.)

*Appeal from Pittsburg County Court; R. W. Higgins, Judge.*

John Petitti was convicted of selling intoxicating liquors, and appeals. Reversed.

On the 18th day of December, 1907, an information was filed in the county court of Pittsburg county against John Petitti (hereinafter called "defendant"), charging him with the crime of selling intoxicating liquors to various persons whose names were to the county attorney unknown. On the 20th of February, 1908, upon

motion, the county attorney was permitted to amend the information by charging that the intoxicating liquors were sold to I. F. Hamilton. On the same date the defendant was placed upon trial, and, after hearing the evidence and argument of counsel, the jury returned into court and announced that they had found the defendant guilty. But the verdict of the jury was not recorded and read to the jury as the law directs. The jury was then discharged. On the 29th of February, the defendant filed the following motion in arrest of judgment:

"State of Oklahoma v. John Petitti. Now comes the defendant, and prays the court to arrest the judgment in this case for the following reasons, to wit: (1) Because the defendant was tried without having first been arraigned as required by law. (2) Because there is no legal information or indictment in this cause. (3) Because the judgment entered by the court in this cause is contrary to the verdict rendered by the jury, a copy of the verdict being attached hereto, marked 'Exhibit A,' and made a part hereof. Wherefore defendant prays that the judgment be arrested. [Signed] J. E. Whitehead, Attorney for Defendant."

" 'Exhibit A.'

"We, the jury duly impaneled and sworn, do find from the law and evidence the defendant not guilty. [Signed] B. F. Jobe, Foreman."

The record shows that the following proceedings were then had on said motion:

"February 29th, 1908, one of the regular days of the county court. State of Oklahoma vs. John Petitti. On this day comes the parties to this action, and by permission of the court defendant files his motion in arrest of judgment, and it appearing to the court that the written verdict filed as follows, 'We, the jury, duly impaneled and sworn, do find from the law and evidence the defendant not guilty. [Signed] B. F. Jobe, Foreman,' was contrary to the verdict as announced, whereupon B. F. Jobe, the foreman of the jury that rendered the verdict, is brought into court, and in open court testified that the verdict as announced finding the defendant guilty is the correct verdict of the jury; that before retiring the court furnished the jury with a form of verdict of guilty and one of not guilty, and that in signing the verdict of not guilty it was purely a clerical error and mistake; and also came the other

jurors and testified to the same statement of facts. The defendant excepts to the bringing back of the jurors after they had been discharged, and excepts to all statements made by them in reference to their verdict. And the court, being well and sufficiently advised, doth overrule said motion in arrest of judgment, to which defendant in open court excepts."

The defendant then prosecuted an appeal, and the case is regularly before this court.

*J. E. Whitehead*, and *Jack Harley*, for appellant.

*Fred S. Caldwell*, for the State.

FURMAN, PRESIDING JUDGE. (after stating the facts as above). In this case the record affirmatively shows that the jury returned into open court the following written verdict: "We, the jury, duly impaneled and sworn, do find from the law and the evidence the defendant not guilty. [Signed] B. F. Jobe, Foreman." But the jury verbally announced to the court that they had found the defendant guilty. This verdict was not recorded by the clerk and read to the jury as the law directs.

Section 5542, Wilson's Rev. & Ann. St. 1903, is as follows:

"(5542) § 406. When the verdict is given and is such as the court may receive, the clerk must immediately record it in full upon the minutes, and must read it to the jury and inquire of them whether it is their verdict. If any juror disagree, the fact must be entered upon the minutes, and the jury again sent out; but if no disagreement is expressed, the verdict is complete, and the jury must be discharged from the case."

The purpose of this statute is to prevent any uncertainty as to what the verdict of the jury really is, and thereby to avoid any misunderstanding or mistake upon this subject. If the statute had been complied with in this case, the conflict between the verbal report made by the jury as to what their verdict was and the written verdict which was returned into court would have appeared, and it would have been the duty of the court, before discharging the jury to require them to correct their verdict and make it conform to their actual finding. But this was not done, hence the dilemma which now presents itself.

The question which presents itself for decision is as to whether the court had the power, after the jury had been discharged and had mingled with the public, to place those gentlemen who had constituted the jury on the witness stand and receive their testimony to the effect that the written verdict of not guilty, which they had actually returned into court, and which was signed by their foreman, was so returned by mistake, and that it was the intention of the jury to return a verdict of conviction.

This question was before the Supreme Court of Louisiana in a civil case. That court said:

"A second bill of exceptions was taken to the refusal of the judge to permit the jury to prove that their verdict was really for the plaintiff, and that the word 'defendant' was written in the verdict through error, instead of 'plaintiff.' * * * The ruling was correct." (*Chevallier v. Dyas et al.,* 28 La. Ann. 360.)

In another civil case the Supreme Court of South Dakota said:

"Affidavits of jurors will not be received to impeach their verdicts, unless authorized by statute, and only then upon the grounds. and in the manner permitted by the statute." (*Gaines v. White, Sheriff,* 1 S. D. 434, 47 N. W. 524.)

The rule is clearly stated and the authorities are cited on page 730 of Abbott's Trial Brief in Criminal Causes (2d Ed.). as follows:

"After separation.—After the verdict has been recorded, and the jury, after being discharged, have separated, they cannot be recalled to amend their verdict. But the mere announcement of their discharge does not, before they have dispersed and mingled with the bystanders, preclude recalling them. *Sargent v. State,* 11 Ohio, 472; *Mills v. Com.,* 7 Leigh (Va.) 751; *People v. Lee Yune Chong,* 94 Cal. 379, 29 Pac. 776; *State v. Dawkins,* 32 S. C. 17, 10 S. E. 772; *Allen v. State,* 85 Wis. 22, 54 N. W. 999. And see civil authorities in Abbott's Civil Trial Brief (2d Ed.) div. 8 And that it is reversible error to send out for further deliberation upon their verdict a jury in a criminal case who have rendered an incomplete sealed verdict during the night, and have been allowed to separate, see *Farley v. People,* 138 Ill. 97, 27 N. E. 927."

The rule of law that juries cannot impeach or contradict their verdict after they have been discharged and have mingled with the public is based upon the highest consideration of public policy. It can only be done when permitted by statute, and then only as the statute may prescribe.

The written verdict of the jury must control. If it had been read to them before their discharge, as the law contemplates, then it would have still been subject to their control, and could have been altered or corrected as they desired, if permitted by the court; or it could have been returned to them with directions from the court to retire and continue with the consideration of their verdict. After a jury has been discharged and has mingled with the public, the persons who served on it are no longer a jury, and have lost all connection with and control over their verdict. They have nothing more to do with the verdict than any other private citizen. If they were allowed to contradict or impeach the verdicts which they have returned into court, the door would be opened to all manner of abuses. All conceivable attempts would be made to cajole, browbeat, and even to corrupt jurors to testify that there was some such mistake made as would require the court to set aside verdicts in many cases. Especially would this be true in verdicts of conviction in criminal cases. We know nothing of this sort happened in this case, for members of this court are acquainted with gentlemen who served on this jury, and their high character is recognized. But the rule adopted in this case will have to be followed in all cases. It is better to turn one guilty man loose in establishing a sound rule of practice than it would be to create a precedent which would destroy the stability of the verdicts of juries and demoralize the administration of justice.

Upon the authorities hereinbefore cited, and for the reasons hereinbefore given, we are constrained to hold that the written verdict of not guilty returned into court by the jury could not be impeached or contradicted by the testimony of the persons who constituted the jury, as was done in this case, and that after the discharge of the jury this verdict became final and conclusive upon

the state, and that the court erred in not sustaining defendant's motion in arrest of judgment.

The case is therefore reversed, with directions to the county court to sustain the motion in arrest of judgment, and discharge the defendant upon the verdict of not guilty.

BAKER and DOYLE, JUDGES, concur.