STATE *ex rel. Atty. Gen.* v. STANFIELD, *District Judge.*

No. A-2107.    Opinion Filed October 20, 1914.

(143 Pac. 519.)

1.    **PROHIBITION—Nature of Writ.**    The writ of prohibition is that process by which an appellate court prevents an inferior court from usurping or exercising unauthorized jurisdiction.

2.    **SAME—Grant of New Trial.**    In a criminal action, after final judgment has been entered and the term has expired, the trial court has no authority to entertain a motion for new trial, unless the motion is made under the provisions of section 5938, Rev. Laws 1910 (Code of Criminal Procedure), which provides

that "a motion for a new trial on the ground of newly discovered evidence may be made after judgment at the term in which the case was tried, or in vacation, before the judge, or at the next term of court;" and so, where a district judge entertains a motion for and grants a new trial upon a motion made at the next term after the judgment was entered, which motion was made on the ground of misconduct of the jury, the motion is insufficient to give the court or judge thereof jurisdiction to make an order vacating the judgment and granting a new trial, and upon the state's application for a writ of prohibition, the writ will be awarded, prohibiting further proceeding except that necessary to carry the judgment and sentence into execution.

(Syllabus by the Court.)

Prohibition by the state, on the relation of the Attorney General, against Hon. Wade S. Stanfield, district judge. Writ ordered to issue.

*Charles West,* Atty. Gen., *C. J. Davenport,* Asst. Atty. Gen., *Vick S. Decker,* Co. Atty., and *J. F. Lawrence,* for relator.

*Thompson & Smith* and *W. L. Cheatham,* for respondent.

DOYLE, J. This is an application for writ of prohibition, restraining and prohibiting the respondent, Hon. Wade S. Stanfield, as district judge of the district court of Creek county, from further proceeding in a certain action in said court, wherein Lee Johnson and Sylvert Johnson were jointly informed against for the crime of murder, and upon their trial convicted of manslaughter in the first degree, and wherein, on the 15th day of March, 1913, the court rendered judgment and sentenced each defendant in accordance with the verdict of the jury to imprisonment in the penitentiary for the term of fifteen years.

On June 30, 1913, the defendants filed what purported to be a supplemental motion for a new trial, which reads as follows:

"State of Oklahoma, Plaintiff, v. Lee Johnson and Sylvert Johnson, Defendants.

"Supplemental Motion for New Trial.

"Come now the defendants and each of them and, by leave of court first had and obtained, file and present this their supplemental motion for a new trial, and move the court to vacate and set aside the verdict and judgment rendered herein on the

State *ex rel. Atty. Gen.* v. Stanfield. 149

Opinion of the Court.

——day of———, 1913, and to grant a new trial to each of the defendants for the following causes which affect materially the substantial rights of said defendants, and each of them:

"First. For misconduct of the jury after they had retired to deliberate and consider of their verdict, which misconduct is fully set out in the affidavits of J. H. Townsend and John Cooper, two of the jurors, and attached hereto and made a part of this motion.

"Second. That since said trial, verdict, and judgment the defendants have discovered new evidence which was unknown to them or to their attorneys until long after said trial, verdict, and judgment, and the defendants, nor their attorneys, could not, with due diligence, have discovered such evidence before the trial; that said evidence is material and competent and tends to explain fully the conduct of the deceased in relation to the difficulty; that said newly discovered evidence is hereto attached and made a part of this motion in the form of affidavits of Mrs. Mary Wilkinson and Mrs. Lucy Sellers.

"For the reasons above stated the defendants, and each of them, most respectfully pray that the verdict and judgment heretofore rendered in the above entitled court be set aside and held for naught, and that the defendants and each of them be granted a new trial by this honorable court.

"W. L. Cheatham,
"Thompson & Smith,
*"Attorneys for Defendants."*

In support of said motion were filed the affidavits of two jurors, which read as follows:

"J. H. Townsend and John Cooper, each on his oath being duly sworn, says: That he was one of the jurors that were impaneled and tried Sylvert Johnson and Lee Johnson for the charge of 'murder' in the case of the State of Oklahoma v. Sylvert and Lee Johnson, in the district court of Creek county, Okla., at the January, 1913, term of said court. That after the cause was submitted to the jury and the jury was deliberating on the case, Jasper Cox, one of the jurors, stated to the jury, in substance, these words: 'That old man Johnson had in the past done him, Jasper Cox, a dirty trick or mean turn, and that he now had a chance to get even with him, and he proposed to do so.' That it was generally stated by several jurors that some verdict had to be returned into court, or that the members of the jury would be subject to imprisonment. That this affiant was lead to be-

lieve the latter statement, and it was only on account of this statement and his fear of imprisonment that he agreed to the verdict. That one of the jurors, Jasper Cox, made an impassioned plea in the jury room in behalf of the widow and children of Pickett, and stated that if the Johnsons were imprisoned for about fifteen years, it would give the widow time to raise her family and get away from the neighborhood, and that he personally knew that Johnson was mean, high-tempered, and hard to get along with.

"Dated this 17th day of June, 1913."

Also the following affidavit:

"Mrs. Mary Wilkinson and Mrs. Lucy Sellers, both residents of Creek county, Okla., being duly sworn on their respective oaths, say: That they are acquainted with Mrs. Warren Pickett and was acquainted with Warren Pickett in his lifetime, and that after the death of Warren Pickett, and in a conversation with Mrs. Warren Pickett, she said, in substance, as follows: That if it had not been for her (Mrs. Pickett) and her actions and encouragement the trouble would have been averted and Warren Pickett would not have been killed. That this foregoing statement and testimony was not disclosed and made known to Sylvert and Lee Johnson until after the trial and conviction of said Johnsons for the killing of Pickett.

"MRS. MARY WILKINSON.
"MRS. LUCY SELLERS.

"Subscribed and sworn to before me this the 28th day of June, 1913.

"[Seal]                                    A. H. PURDY,
                                              "Notary Public.

"My commission expires August 8, 1914."

On the same day the defendants appeared in court in person and by their attorneys, and the state appeared by Vick S. Decker, county attorney, and Rutherford & Lawrence. The following motion was made by the state:

"Comes now the state and moves the court to strike from the files the supplemental motion for a new trial, filed herein by the defendants, and for grounds of objection and for reasons thereof state: (1) That the same is not filed within time. (2) For the reason that the supplemental motion for a new trial· goes into matters that have heretofore been heard by this court and passed upon. (3) Because the supplemental motion for a

new trial is filed after the court has passed upon the motion for a new trial, and after the record has been made herein and served upon the county attorney under this statute, and said supplemental motion is made after notice of appeal has been given to the county attorney and district clerk. (4) For the reason that said supplemental motion for a new trial directs itself to affidavits of jurors, and attempts to impeach the verdict of the jury by the affidavit of jurors, which may not be done under the law. (5) Because there is no sufficient showing to authorize the granting of a new trial because said supplemental motion for a new trial does not state facts sufficient to authorize the court to grant a new trial herein. (6) Because no proper allegations of newly discovered evidence is alleged in said motion for a new trial.

"By the Court: The motion is overruled. (The plaintiff excepts.)

"Mr. Lawrence: Comes now the state and asks permission to cross-examine John Cooper, who is one of the affiants relied upon by the defendants for his motion for a new trial, and offers now to produce him in open court for the purpose of cross-examination.

"By the Court: You may produce him for the purpose of ascertaining if this is his signature, and if these things contained in the affidavit are true, and for no other purpose.

"Mr. Lawrence: The question now which we desire to propound to John Cooper is on cross-examination of the matter set out in the affidavit and nothing more, and it is not the purpose of the state to inquire of John Cooper about any facts save those facts set out in the affidavit.

"By the Court: The request is refused.

"Mr. Lawrence: We would like to have permission to call other jurors to testify as to the facts set out in the affidavit of John Cooper.

"By the Court: The request is refused.

"Mr. Lawrence: We now wish to file seven controverting affidavits of jurors."

Thereupon the state filed the affidavits of S. C. Loveall, J. L. Lewis, L. M. Trexler, C. L. Kilpatrick, O. Frazee, Tom Bair, and Lin Ward, each of whom on oath say:

"That he is a resident of Creek county, Okla., and was one of the jurors in the case tried in the district court of Creek county, Okla., wherein the state of Oklahoma prosecuted Sylvert and Lee Johnson on the charge of murder, and that this

affiant was one of the jurors who returned a verdict of guilty in said cause. That at no time during the trial of said cause, or during the deliberation of the jury, did Jasper Cox, who was one of the jurors in said cause, make any statement whatever to the effect that he had any feeling toward the Johnsons, or anything that might be so construed, neither was there any statement made at any time by any person to the effect that it was necessary for the jury to return a verdict to avoid imprisonment or punishment by the court.

"Affiant further saith that the only statement made by any juror during the deliberation were those that were ordinarily and customarily made during the deliberation, and that the discussions were participated in by principally all of the jurors, and that no particular juror acted as 'spokesman,' and there was nothing which occurred in the jury room that would indicate any feeling of any of the jurors personally.

"Affiant further saith that the only statement made by any of the jurors during the deliberation which touched on or tended to show any personal feeling was a statement made by juror John Cooper, who stated, when asked why he voted for acquittal, that he was afraid to vote for a conviction because he lived near Johnson's, and he feared that they might do him injury, and that some of the jurors said to Cooper at that time that under his oath as a juror he could not consider anything of that character, and it was his duty to vote for a true and just verdict according to the law and the evidence, regardless of any personal feeling he might have, and that the said Cooper voted for conviction thereafter.

"Affiant further saith that at no time or place did any juror insist on a verdict of guilty, or offer any duress or intimidation further than to suggest that he thought, under the law as given by the court and the testimony as given by the witnesses, that the defendants were guilty.

"Affiant further saith that in all of the deliberations by the jury the only question discussed by the jurors was based on the law as given by the court and the testimony of the witnesses, and that no personal feeling or personal reason was ever given except the one given by juror Cooper, as set out above.

"The only statement that I recall that juror Jasper Cox made with regard to the verdict and his personal feeling toward the Johnsons was that the said Jasper Cox stated that he was sorry for the Johnsons, and that he was sorry that it was his duty, as he saw it, to return a verdict of guilty. Further affiant saith not."

The controverting affidavits were read in open court. Thereupon Mr. Lawrence stated:

"We propose to prove the same state of facts by all the panel, the whole twelve of them, if permitted to do so on the stand."

Thereupon the court calls John Cooper to the witness stand, and after witness is first duly sworn, he was examined by the court as follows:

"Q. You are the same John Cooper who was a juror in the case tried in this court, the State of Oklahoma v. Lee and Sylvert Johnson? A. Yes, sir. Q. Did you make this affidavit? A. (Examines affidavit). Yes, sir; I made this, all but this, where it says Jasper Cox used that language. Q. Did you make this statement, 'That it was generally stated by several jurors that some verdict had to be returned into court, or that the members of the jury would be subject to imprisonment?' A. Yes, sir. Q. And, 'That this affiant was lead to believe the latter statement, and that it was only on account of this statement and his fear of imprisonment that he agreed to the verdict,' is that true? A. Yes, sir. Q. You still make that statement, do you, that it was on account of that fear that you agreed to the verdict? A. Yes, sir.

"Mr. Lawrence: We would like to cross-examine him generally on these matters.

"By the Court: The court will not permit you to do that.

"By the Court: The court is of the opinion that, if there was a juror upon that panel who was so ignorant that he thought they would be imprisoned if no verdict was brought in, was an incompetent juror, and the court does not believe the defendants had a fair trial under these circumstances; the motion for new tried will be sustained." (To which ruling of the court the plaintiff excepts.)

"Mr. Lawrence: We reserve this question for the state for the purpose of appealing it to the Criminal Court of Appeals' of the state of Oklahoma; and we now ask the court to grant time in which to prepare and serve case-made upon this question.

"By the Court: The request is refused. (The plaintiff excepts.)"

To reverse the order of the court granting a new trial, the state appealed by filing in this court on July 17, 1913, a petition in error with case-made. On October 8, 1913, the Attor-

ney General filed the petition for a writ of prohibition, wherein it is alleged:

"The said Hon. Wade S. Stanfield, as the presiding judge of said court, has set said cause down for trial in the present term of said court, and threatens to, and unless prohibited by this court will, proceed, although he is without jurisdiction therein, to rehear and redetermine said cause."

Upon the filing of the petition an alternative writ of prohibition was issued.

The application for the writ of prohibition is presented and based upon the theory that the proceedings upon the supplemental motion for a new trial were not in conformity with the provisions of "Procedure—Criminal," secs. 5937, 5938 (Rev. Laws 1910), and that for this reason the district court did not have jurisdiction to act thereon.

By the provisions of section 5937:

"A court in which a trial has been had upon an issue of fact has power to grant a new trial when a verdict has been rendered against a defendant by which his substantial rights have been prejudiced, upon his application in the following cases only: * * * 7th. When new evidence is discovered, material to the defendant, and which he could not with reasonable diligence have discovered before the trial."

Section 5938 provides:

"The application for a new trial must be made before judgment is entered; but the court or judge thereof may for good cause shown allow such application to be made at any time within thirty days after the entry of the judgment. A motion for a new trial on the ground of newly discovered evidence may be made after judgment at the term at which the case was tried, or in vacation, before the judge, or at the next term of court."

Under the laws then existing the time of the convening of the regular terms of the district court in Creek county was on the first Monday in each of the following months, to wit: January, April, and September. Section 1793, Rev. Laws 1910. The judgment was rendered at the January term, and the supplemental motion for a new trial was made after judgment at the (April) next term of said court.

In a criminal action, after final judgment has been rendered, and the term has expired, the trial court has no power to entertain a motion for a new trial, unless the motion is made under the provisions of section 5938 of the Code of Criminal Procedure, *supra.* The trial court possesses no inherent power to grant a new trial after the term in which the judgment was rendered expires, and its power in that respect is derived from section 5938, *supra,* which provides that a motion for a new trial on the ground of newly discovered evidence may be made at the next term of court after the term in which the case is tried; and to give the trial court jurisdiction to hear and determine such motion, there must be a substantial compliance with the requirements of the statute.

It appears from the record that the defendants' supplemental motion for a new trial was based upon misconduct of the jury as shown by the affidavits of two jurors. It is the settled law of this state that jurors will not be permitted to impeach their verdict either before or after the judgment is rendered upon the verdict. *Pettiti v. State,* 2 Okla. Cr. 131, 100 Pac. 1122; *Spencer v. State,* 5 Okla. Cr. 7, 113 Pac. 224.

The affidavit of the two persons who state that they heard the wife of the deceased say that "if it had not been for her [Mrs. Pickett] and her actions and encouragement the trouble would have been averted, and Warren Pickett would not have been killed," is not shown to be competent or material as evidence.

Confessions or admissions alleged to have been made by persons other than a defendant are not admissible in evidence, either in behalf of the state or the defendant, except for the purpose of impeaching the credibility of witnesses upon proper predicates therefor. *Davis v. State,* 8 Okla. Cr. 515, 128 Pac. 1097.

The recital in the record that the defendants' supplemental motion for a new trial was granted solely upon the ground of misconduct of the jury necessarily implies that the trial court

was of the opinion that the second ground of the motion and the affidavit in support thereof were insufficient as an application upon the ground of newly discovered evidence. In our opinion the application for new trial was not based upon any newly discovered evidence, but solely upon the misconduct of the jury as set out in the application. On this ground the trial court had lost jurisdiction of the defendants' case for the purpose of a motion for a new trial. *People ex rel. Jerome v. General Sessions,* 185 N. Y. 504, 78 N. E. 149. A motion for a new trial on the ground of newly discovered evidence should show that the defendant used due diligence to procure and present the evidence on the trial, and the facts constituting the diligence must be shown, so that the court may determine whether the diligence used was sufficient. The supplemental motion for a new trial was not verified by the oath of either defendant, or any other person, and was therefore not in compliance with the requirements of the statute. For the reasons stated we are of opinion that the purported supplemental motion for a new trial was insufficient to confer jurisdiction on the district court of Creek county to make the order vacating and setting aside the judgment of conviction pronounced and entered in said case at the preceding term of said court, and was insufficient to confer jurisdiction upon said court to make the order granting a new trial to the said defendants.

The writ of prohibition is that process by which an appellate court prevents an inferior court from usurping or exercising unauthorized jurisdiction.

It appearing that this is a proper case for the exercise of the powers of this court to grant the writ of prohibition, it is ordered that the writ issue, prohibiting the respondent, Hon. Wade S. Stanfield, as district judge of the district court of Creek county, from further proceeding in the case in said court wherein the state of Oklahoma is plaintiff and Lee Johnson and Sylvert Johnson are defendants.

The clerk of the district court of Creek county is directed to issue forthwith to the sheriff of said county commitments in accordance with the judgment of the court as pronounced and entered on the verdict of the jury.

ARMSTRONG, P. J., and FURMAN, J., concur.