## CHARLIE JOHNSON v. STATE.

No. A-5192.   Opinion Filed Dec. 31, 1925.
(242 Pac. 277.)

S. J. Castleman, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   For convenience and brevity, the plaintiff in error will be referred to as defendant.

The defendant argues various errors as ground for reversal. His brief does not separately set out the errors relied on and no authorities are cited in support thereof. The errors complained of may be summarized as follows: First. Statement by counsel for the state to the jury that a codefendant not on trial had offered to take the stand and testify. Second. That the trial judge by questioning the defendant indicated a doubt of his veracity. Third. Error of the court in excluding evidence offered by defendant. Fourth. Insufficiency of the evidence.

The first assignment is not borne out by the record before us. It contains no recital that the argument complained of was made, nor is there any bill of exceptions saving the record on this point. Such objection first appears in the motion for a new trial. If the argument complained of was made and it was desired to preserve an exception thereto, such remarks should have been taken down at the time and incorporated in the case-made, or have been embodied in a bill of exceptions. Otherwise, they are not reviewable by this court. In Tucker v. State, 9 Okla. Cr. 587, 132 P. 825, this court held:

"Exceptions must be saved to alleged improper remarks of the prosecuting attorney in his argument to the jury, and such remarks must be preserved by being incorporated in the case-made, or by bill of exceptions, duly allowed, to render them available on appeal; and, when not so preserved in the record, such remarks cannot be shown by affidavit or mere recitals in a motion for new trial."

See, also, the cases of Thacker v. State, 3 Okla. Cr. 485, 106 P. 986; Reed v. State, 14 Okla. Cr. 651, 174 P. 800.

The second assignment cannot be sustained. While the court did ask several questions of the defendant, they are directed merely to making clear some points in the evidence, and we do not perceive that they would in any way indicate the opinion of the trial judge as to the

credibility of the defendant. This court has frequently said that a trial judge should not indulge in cross-examination of witnesses, and particularly should refrain from any examination that would indicate his belief of the truth or falsity of any evidence. He is not, however, precluded from questioning on points that may seem obscure.

The complaint that the court excluded material evidence offered by the defendant is based on the exclusion of certain questions asked the wife of the defendant on her examination concerning statements made by a codefendant. Although there was no offer of proof, by this evidence it was apparently sought to be shown that a codefendant, Caldwell, had a talk with one Parr with reference to hauling certain sugar which was stolen at the time of the burglary. In legal effect this would tend to prove that the codefendant, Caldwell, had confessed that he committed the burglary. It is generally held that such evidence is not admissible. In Davis v. State, 8 Okla. Cr. 515, 128 P. 1097, it was said:

"When a defendant is on trial for a violation of the criminal laws of Oklahoma, confessions or admissions alleged to have been made by other persons are not admissible in evidence, either in behalf of the state or the defendant, except for the purpose of impeaching the credibility of witnesses upon proper predicates therefor." State ex rel. v. Stanfield, Judge, 11 Okla. Cr. 147, 143 P. 519.

The final contention that the evidence is insufficient is wholly untenable. The evidence is that on the night of the 23d day of February, 1923, the store of Holmes & Son, at Wilson, was broken into. One officer saw a Ford car containing sugar, with two persons in it, leave the rear of the store and go down a side street. Other officers were notified, and the car was followed and overtaken about four miles from town. The defendant was driving the car containing the sugar which belonged to him. A shot was fired to stop the car, and they abandoned it and fled.

Defendant was arrested the next day and admitted his guilt to the arresting officers and told the circumstances of the burglary and the removing of the sugar. Upon the trial he testified that he was merely employed by his codefendant to haul the sugar away. The credibility of the witness and the weight and value of the evidence was for the jury, and they evidently believed the statements made by him as testified to by the officers after his arrest, and disbelieved his testimony that he was merely employed to receive and remove the stolen property. The defendant had a fair trial; the issues were fairly submitted. His guilt is abundantly proven by the evidence, and there is no reason for disturbing the verdict here.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.