## JOHN BRANNON v. STATE.

No. A-5332.   Opinion Filed Feb. 6, 1926.

(243 Pac. 259.)

J. V. Long, for plaintiff in error.

Geo. F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error was convicted in the district court of Osage county upon a charge of murder and sentenced to life imprisonment.

A brief summary of the facts as gleaned from the record discloses that on the 23rd day of September, 1923, three persons in a Ford coupe came to a filling station at the village of Cooper, in Osage county, where the deceased, Pomp Middlebrook, was in charge. Two of them entered the filling station and attempted to rob it, and Middlebrook, not putting his hands up when ordered, was shot and killed. The slayers then fled. In the first days of October, the defendant was arrested in LeFlore county as one of the parties to the murder. A preliminary information was filed, but before a hearing was had, the grand jury returned an indictment against the defendant and two others, upon which indictment the defendant alone was tried. Defendant was not positively identified as one of the parties at the scene of the murder, and except for the testimony of one witness his conviction depends upon circumstantial evidence.

The principal witness for the state just referred to was Pauline Prescott, a young woman about 21 years of age, who testified she was with the defendant on the day of the homicide up until a short time preceding the killing, when she had stopped at the home of the mother of one of the parties to the homicide. After the homicide she was with the defendant for a number of days and until his arrest. She further testified to statements made by the defendant in which he related his connection with the homicide and the circumstances thereof. The evidence of this witness with the other evidence in the case fully establishes the guilt of the defendant. She was in no way an accomplice of defendant. Defendant did not testify, but offered evidence tending to prove an alibi.

The assignments of error argued are: (1) The in-

sufficiency of the indictment. (2) Error in overruling motion to quash the indictment. (3) Error in a comment by the county attorney on the failure to take the stand. (4) The insufficiency of the evidence.

Under the first assignment, the defendant contends that the indictment charged the offense to have been committed on September 23, 1924, and the trial took place on May 16, 1924. This contention, however, is not sustained by the record. The indictment upon which the defendant was tried, as it appears in the record, alleges the date of the homicide as September 23, 1923. The assignment appears to have been predicated on a stenographic mistake in the copy furnished the defendant.

Upon the second assignment it is contended that the indictment was not signed by the county attorney. This contention also is not sustained by the record. At pages 4 and 5 of the case-made appears the indictment upon which the defendant was tried, duly signed by the county attorney. This contention also appears to be based on a copy of the indictment which was attached to the motion to quash, which copy does not bear the name of the county attorney. We assume that the contention is urged on account of the fact that the counsel here representing defendant are not the same as counsel appearing in the trial court.

Assignment No. 3 is directed to a proceeding in the trial as follows: When the evidence for both the state and the defendant had been concluded, the court informed the jury that it would take some time to prepare his instructions, and gave them the usual admonition. Whereupon one juror said:

"Judge, your honor, could we have the defendant's signature?

"The Court: No, gentlemen, you cannot be permitted to have it without they volunteer."

Upon the reconvening of court the following occurred:

"Mr. J. Van Long (Counsel for Defendant): Your honor, a juror asked for the defendant's signature, and we are willing to submit that to the jury if they want it.

"The Court: Gentlemen, that is just your privilege.

"Mr. Long: We are willing to do that.

"Mr. Roff (County Attorney): Is the defendant going to take the stand?

"Mr. Long: No.

"Mr. Roff: Then we object to any testimony not from the witness stand. If the defendant will take the stand, he can give his signature or anything else.

"Mr. Long: We offer the signature if there is any way to get it in.

"Mr. Roff: We object to the offer of any testimonuy not from the witness stand.

"The Court: Objection sustained.

"Mr. Long: The defendant excepts."

By section 2698, Comp. St. 1921, it is provided that a defendant may at his own request be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial, and if commented upon by counsel it shall be ground for a new trial. This statute has been many times considered by this court, and it is well settled that it is mandatory and must not be violated directly or indirectly, either in letter or spirit. Nowlin v. State, 7 Okla. Cr. 27, 115 P. 625, 121 P. 791; Holmes v. State, 13 Okla. Cr. 113, 162 P. 446; Johnson v. State, 33 Okla. Cr. 56, 242 P. 277.

We think that the county attorney by his statement in the presence of the jury violated the statute in question, though the error was in a sense invited by the offer of evidence of the signature of defendant. This was an offer

of testimony by the defendant without having him sworn and affording an opportunity for cross-examination. No exception, however, was taken to the remarks of the county attorney, and the matter was not specifically assigned in the motion for a new trial.

If the defendant desired to avail himself of the error of the remark of the county attorney, he should have taken an exception at the time and should have assigned it as error in the motion for a new trial in order that the trial court might correct it. Ford v. State, 5 Okla. Cr. 241, 114 P. 274; Stack v. State, 4 Okla. Cr. 1, 109 P. 126; Steward v. State, 9 Okla. Cr. 327, 131 P. 725.

The error here complained of is not fundamental, and no exception having been taken, it will be deemed to have been waived.

The final assignment of the insufficiency of the evidence, as hereinbefore stated, is not tenable. Upon a careful examination of the record, we find no injustice done to the defendant and nothing that would warrant us in disturbing the verdict.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.