## ED (SHORTY) LOGAN v. STATE.

No. A-7490. Opinion Filed Oct. 18, 1930.
Rehearing Denied Nov. 8, 1930.
(292 Pac. 374.)

Wieck & Armstrong and D. E. Hodges, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted of the crime of selling intoxicating liquor, and his punishment fixed at a fine of $100 and imprisonment for six months in the county jail.

It appears from the record that, after instructing the jury, they were furnished with two forms of verdict, one finding the defendant not guilty and the other finding him guilty and fixing his punishment; that the jury retired, and, after considering the case, their foreman, Elmer G. Draper, signed his name as foreman of the jury not only to the blank verdict finding the defendant not guilty, but also to the other blank verdict finding the defendant guilty, after having written therein $100 and six months in the county jail as the punishment; that, when the jury was brought into court, both forms of verdict were handed to the clerk, and that the clerk first read the form of verdict finding the defendant not guilty, and then advised the judge that the jury had also signed the other verdict finding the defendant guilty and fixing his punishment at a fine of $100 and six months' imprisonment in the county jail.

Counsel for defendant demanded that the court receive the first verdict and discharge the jury.   The state objected to the court receiving the verdicts, and requested the court to prepare a new verdict and order the jury to

retire. Thereupon the court overruled the demand of the defendant, for the reason that two forms of verdict were signed by the foreman of the jury, one of not guilty and the other of guilty, and instructed the jury:

"Gentlemen of the jury, you will again repair to the jury room and deliberate upon your verdict, and when you arrive at a verdict you will only use one of these forms of verdict, not both of them. In other words, you cannot find a man guilty and not guilty."

Thereupon the jury retired to the jury room and on the same day returned the following verdict into open court:

"State of Oklahoma, Plaintiff, v. Ed (Shorty) Logan, Defendant. Case No. 6609.

We, the jury empaneled and sworn to try the issues in the above entitled cause, do, upon our oaths, find the defendant guilty and fix his punishment at fine of $100.00, six months in county jail.

"Elmer Draper, Foreman."

—which verdict was received by the court over the objection of the defendant.

Defendant contends that, after the clerk had read the verdict finding the defendant not guilty, it was the duty of the court to discharge the jury and release the defendant, and that the court had no authority to require the jury to retire and further consider the case and return their verdict into court.

Section 2746, C. O. S. 1921, reads as follows:

"When the verdict is given, and is such as the court may receive, the clerk must immediately record it in full upon the minutes, and must read it to the jury and inquire of them whether it is their verdict. If any juror disagree, the fact must be entered upon the minutes, and the jury again sent out; but if no disagreement is expressed, the

verdict is complete, and the jury must be discharged from the case."

In the case of Petitti v. State, 2 Okla. Cr. 134, 100 Pac. 1122, this court said:

"When the jury have returned into court a verdict finding the defendant not guilty, it is error, after the jury have been discharged and mingled with the public, for the court to recall the members of the jury and require or permit them to impeach the verdict returned into court by testifying that they really intended to find the defendant guilty."

In the body of the opinion, the court says:

"After a jury has been discharged and has mingled with the public, the persons who served on it are no longer a jury, and have lost all connection with the control over their verdict."

In Harrell v. State, 43 Okla. Cr. 278, 278 Pac. 404, this court, in the opinion written by Judge Edwards, said:

"Where the jury has returned its verdict which has been received by the court, and the jury has been discharged, and has left the presence of the court and mingled with the public, the court is without power to recall the members of the jury and to require or permit them to amend the verdict."

In the body of the opinion, the court said:

"If a defect or informality in a verdict had been discovered after announcement of the discharge of the jury, but before they had separated, the court might then and there, however, set aside his announcement of discharge and the jury have further acted. Sections 2742 and 2743, Comp. Stat. 1921; Abbott's Criminal Trial Brief (2d Ed.) p. 730, § 18; Petitti v. State, supra."

In the case at bar, the jury had not been discharged; they were in open court, and what was supposed to be

their verdict had been handed to the clerk to read. The clerk had read the verdict finding the defendant not guilty, and, when the court's attention was called to the fact that the jury had returned two verdicts, on proper motion of the state the court required the jury to retire for further consideration of the case, and in due time they returned into court a verdict in proper form. It will be noted that section 2746, supra, provides: "When the verdict is given, and is such as the court may receive. * * *"

The court could not properly receive the former doings of the jury. In fact, such doings constituted no verdict at all, and the court, under authority of Harrell v. State, supra, and the other holdings of this court, had authority before discharging the jury to require them to further consider the case and return a verdict into court which could be received by the court. It was not error, therefore, for the court to permit the jury to retire for further deliberation, and to receive their verdict when they had agreed upon the same.

The defendant next contends that the evidence is not sufficient to support the verdict of the jury, but there is no merit to that contention.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.