### THE STATE v. UNDERWOOD.

1. The jury may announce their verdict to the Court, *ore tenus*, or in writing; but however rendered, it may be varied by them before they are discharged from the consideration of the case, so as to make it speak their intention : and a change thus made need not be noted in writing

2. Where a written verdict is found in the papers, variant from that recited in the judgment, the *prima facie* intendment is, that the recital in the judgment is correct.

THE defendant was indicted at the Fall term of the Circuit Court of Shelby, holden in 1837. The indictment contains two counts, the first charges an assault and battery, with the intent to commit murder ; the second, a simple assault and battery.

At the Spring term holden in 1838, the defendant came into Court and pleaded to the indictment : *First*, not guilty. *Second*, not guilty within six months next before the prosecution against him. Issue was taken upon the first, and there was a demurrer to the second plea; which, upon argument was sustained so far as the plea seeks to bar a recovery upon the first count, and overruled so far as it answers the second.

At the Spring term of the Circuit Court in 1839, it appears from an entry in the record, that the defendant pleaded " not guilty" to the indictment ; and thereupon the cause was submitted to a jury, who by their verdict, said "that they do not find the said defendant guilty on the first count charged in the bill of indictment, but guilty of a common assault, as charged

in said bill of indictment, and assess a fine of twenty-five dol-lars;" Whereupon the Court rendered a judgment in favor of the State against the defendant for that sum.

At the Spring term, 1840, the defendant by his counsel, moved the Court to correct the entry of the judgment rendered at the Spring term, 1839, by inserting the verdict then return-ed by the jury; which was in these words " we, the jury ac-quit the defendant upon the first count, and find him guilty on the second count, and assess a fine of twenty-five dollars. The defendant further moved the Court for judgment *nunc pro lunc* directing his discharge, &c. upon the ground, that at the Fall term, 1838, a demurrer was sustained to the plea of the statute of limitations, so far as it applied to the first count, and overruled as to the second.    To sustain his motion, the de-fendant produced the written verdict returned by the jury, and the judgment of the Court upon the demurrer to his plea ; but the Court overruled the motion, and referred the questions of law thereupon arising to this Court as novel and difficult.

The ATTORNEY GENERAL, for the State.

PECK, for the defendant.

COLLIER, C. J.—Courts have frequently amended verdicts which are defective, so as to make them conform to the real intentions of the jury.    Such amendments are regarded as the mere exercise of discretion, when kept within proper limits ; and consequently, the refusal to amend is not revisable on er-ror.    The application to the Circuit Court was not strictly a motion to amend a verdict; but a motion to substitute the written verdict which the jury returned into Court, for that which had been entered, as the warrant for the judgment. We cannot conceive how the Court could, with propriety, have granted such a motion.    It is not essential to a verdict, that it should be written : the jury may announce it to the Court *ore tenus*, or upon paper at their pleasure ; and how-ever rendered, upon the suggestion of the Judge, it may be va-ried by the jury, in its terms, so as to make it speak their in-tentions.    And the change, thus made in the finding, need not be noted in writing, even if it be such as to entirely supersede the verdict.

How could the Court, holden twelve months after the judgment was rendered, undertake to say that the verdict sought to be substituted had not, upon the jury coming into Court, been superseded by that which was recited in the judgment? It certainly would not be permissible to examine witnesses to falsify the entry. The intendment, then, would be conclusive, that the verdict on which the Court acted, was the last expression of the intention of the jury.

With this view of the question referred, we are entirely satisfied, that the Circuit Court very properly overruled the motion of the defendant, and its judgment is consequently affirmed.