239 So.2d 472 (1970)
LUMBERMENS MUTUAL CASUALTY COMPANY
v.
CONNECTICUT FIRE INSURANCE COMPANY.
No. 4003.
Court of Appeal of Louisiana, Fourth Circuit.
July 6, 1970.
Rehearing Denied October 5, 1970.
Writ Refused November 25, 1970.
*473 Hammett, Leake & Hammett, Gordon F. Wilson, Jr., New Orleans, for plaintiff-appellant.
Porteous, Toledano, Hankel & Johnson, William A. Porteous, III, New Orleans, for defendant-appellee.
Before REDMANN, LeSUEUR and DOMENGEAUX, JJ.
REDMANN, Judge.
An excess insurer appeals from the dismissal on exception of no cause of action of its suit against the primary insurer for the cost of the former's self defense in an earlier tort suit.
Defendant, Connecticut Fire Insurance Company, insured an employer against automobile liability with a limit of $100,000 for bodily injury per person. The employer permitted an employee's minor son to use the insured car. The son's use of the car resulted in bodily injury to an individual who sued the present defendant (and others) for $70,000 damages.
Lumbermens insured the employee and his family against automobile liability with a limit of $10,000. That contract specified the insurance with respect to a non-owned automobile is excess insurance over any other valid and collectible insurance.
*474 In the tort suit, Connecticut third-parties Lumbermens and thereafter the tort plaintiff added Lumbermens as a defendant.
Lumbermens' theory here is that it is an insured of Connecticut within the latter's policy definition including "any person or organization legally responsible for the use" of the automobile by the named insured or with his permission. As an insured, Lumbermens claims it was owed a defense by Connecticut under the policy.
The question whether, under policy terms similar to those here involved, an excess insurer is owed a defense as an omnibus insured has apparently not been squarely decided. In Maryland Cas. Co. v. Marquette Cas. Co., 143 So.2d 249 (La.App. 1962), the employer of the named insured had been sued on respondeat superior, and had had to provide its own defense; its own insurer defended it and recovered under a subrogation to the employer's rights. In Allstate Ins. Co. v. Atlantic Mut. Ins. Co., 187 So.2d 774 (La.App. 1966), the only recovery was of an amount for which the primary insurer "acknowledged liability and agreed to pay"; thus there was no dispute and no decision holding liability for defense.
Under usual policy terms, it seems clear that an excess insurer does not owe its insured a defense of a claim within a primary insurer's limits; American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253, 260 (1969). But, presumably, if the claim exceeds primary limits excess coverage becomes fully applicable, including an obligation to defend the insured, at least in respect to the excess of the claim over limits. Here, the excess insurer obliged itself to defend "any suit * * * seeking damages which are payable under the terms of this policy".
Presumably an individual insured might be entitled to a defense, in respect to the excess of a claim over primary limits, from both primary and excess insurers. And, under language like that of the excess policy just quoted, the insured might be entitled to a defense of the entire claim (where it exceeds primary limits) from both insurers.
Thus, had the present case been one where the tort claim exceeded primary limits, an "insured" might have claimed a defense from the excess insurer. And under the terms of Lumbermens' policy, the primary insurer Connecticut might claim, "with respect to his or its liability because of acts or omissions" of the insured car driver, it is also an "insured" of Lumbermens, just as Lumbermens now claims to be an "insured" of Connecticut under the latter's policy terms.
We believe, disregarding the word-play, that in simple fact neither is an insured of the other. Connecticut insured the car driver up to $100,000; Lumbermens insured the driver against liability in excess of $100,000 (up to its $10,000 limits, within which it might also be said to insure to its insured the collectibility of the primary insurance). Lumbermens is not protected against a claim under $100,000 because Connecticut insures Lumbermens, but rather because Lumbermens simply does not insure the driver for that first $100,000. And certainly Lumbermens does not insure the primary insurer, Connecticut. Neither affords any insurance to the other, in spite of the fact that under given circumstances each might seem to fit the other's definition of an "insured".
Yet realistically viewed the primary insurer's definition of insured does not include an excess insurer. The excess insurer simply is not "legally responsible for the use" of the car in an absolute sense; it is legally responsible only in a qualified sense, namely, after the primary's liability is exhausted (and then only for its own $10,000 policy limits). Compare the complete "legal responsibility" of the father of a minor driver, or of the employer of an employee-driver in course and scope of employment.
*475 We believe the expression "legally responsible for the use" refers to a legal responsibility which the insurer insures against, and the excess insurer's responsibility is by definition one the primary does not insure against, not in any part. It is generally an insurer's obligation to defend only where "* * * assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff * * *"; Czarniecki, supra, 230 So.2d at 259.
We conclude that the excess insurer here is not "legally responsible for the use" of the car, and is therefore not an insured, within the meaning of the primary insurer's policy terms, and was therefore not entitled to a defense by the primary insurer.
Accordingly the judgment appealed from is affirmed at appellant's cost.
Affirmed.