312 So.2d 414

**Calvin SMITH, alias**

v.

**STATE.**

**3 Div. 322.**

Court of Criminal Appeals of Alabama.

March 18, 1975.

Rehearing Denied April 1, 1975.

Alvin T. Prestwood, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

Appellant was indicted for the offense of rape and was represented by court appointed counsel during the trial and on appeal.

Five witnesses testified for the State. The prosecutrix identified the appellant as the person who raped her. She made a personal identification and identification by tatoos on the appellant. Other witnesses were the mother of the prosecutrix; the examining physician, Dr. Barry L. Wilson; a State Toxicologist, Mrs. Mary Frances Wisdom; and Montgomery City Detective, Wesley Strane.

After a prima facie case was made by the State, the defendant requested to change his plea from not guilty to guilty. The jury was temporarily excused. In addition to signing an *Ireland* form shown as Exhibit A, an interrogation was held before the court reporter wherein the District Attorney questioned the appellant concerning the *Ireland* form and read each of his rights to him, to which the appellant replied that he understood all of his rights. All the rights covered by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274, were covered in the colloquy.

The jury was recalled to the courtroom, and it was explained to them that the defendant wished to change his plea. He was asked how he wanted to plead to the charge of rape, and he answered, "Guilty." The court then instructed the jury:

"  .   .   .   Now, the Defendant has withdrawn his plea of not guilty and entered a plea of guilty, and agrees to accept the penitentiary sentence of fifteen years; and the court, for reasons of this known to me, concurs in that, and I concur in that fifteen-year sentence, provided the jury agrees with me.

"If you all agree to that, then one member of the jury—I mean, the jury writes on the back of the indictment: we the jury find the Defendant guilty as charged; and fix his punishment at fifteen years in the penitentiary. Is that agreeable with you gentlemen now?"

The jury signified it was agreeable, went back into the jury room at 4:20 P.M., returned at 4:22 P.M., and rendered the following verdict:

"We the jury find the Defendant guilty as charged and recommend fifteen years."

At that point, the attorney for the appellant stated:

"Your Honor, we'll allow the court to put it in correct form."

The court then instructed the jury to change the wording of the verdict to use the word "sentence" instead of "recommend." The appellant was asked if that was satisfactory with him, and his attorney stated, "Yes, it is." The District Attorney asked, "Is that satisfactory with you, Calvin?" And the defendant said, "Yes, it's satisfactory." Whereupon the jury changed the verdict to read:

"We the jury find the Defendant guilty as charged and sentence him to the penitentiary for fifteen years as punishment."

After the finding of the verdict, the judge explained to the jury that the defendant was already under a life sentence, and he felt the fifteen years they had fixed as punishment was fair, reasonable and adequate. The judge on sentencing ordered the fifteen years to run concurrently with the life term the appellant was already serving.

I

■ The appellant contends Title 30, Section 64, Code of Alabama 1940, requires the trial court on the date of the trial to inquire into the qualifications of jurors in capital cases. He contends that the record contains nothing to show whether the jury was appropriately qualified, and thus it must be presumed that such qualification did not occur. We disagree.

The judgment entry shows that upon arraignment, the trial court ordered the sheriff to summon 125 jurors, and a list of all such jurors drawn for the week of trial and those specially drawn were served upon the defendant together with a copy of the indictment. The record shows that on the date of trial, the defendant announced ready for trial on a plea of not guilty, that a jury of twelve were duly impaneled and sworn according to law. The actual proceedings of qualifying the jury and striking the jury are not shown in the record. Such proceedings are rarely shown in the record absent an objection to some portion thereof. Title 15, Section 380, Code of Alabama 1940; Hardley v. State, 202 Ala. 24, 79 So. 362; Browder v. State, 54 Ala.App. 369, 308 So.2d 729, cert. denied February 20, 1975.

II

■ The appellant contends that there was a failure in the record to reveal an adequate explanation of the effect of a guilty plea. On this point, the record not only shows a full and complete *Ireland* form, but also a lengthy interrogation by the District Attorney in court before the court reporter and the trial judge, notifying the defendant of all of his *Boykin* rights and obtaining an answer from the defendant that he understood such rights and was satisfied. We find no error in this regard.

III

■ Appellant contends that the entry of a guilty plea in the middle of a rape trial requires the jury to assess the punishment, and that the appellant had been misled to believe only the trial judge would fix the punishment which he and the District Attorney had agreed upon.

Headrick v. State, 46 Ala.App. 202, 239 So.2d 472, requires that a jury fix the punishment where a plea of guilty has been entered after the jury has been sworn and impaneled, and the trial was in progress.

The court in the instant case put the punishment before the jury notifying them of the sentence the defendant had agreed upon. The jury retired and returned with that verdict. Whoever the appellant understood was to fix the punishment is immaterial, as punishment was fixed at the exact amount of time appellant had agreed upon and understood would be fixed. We find no prejudicial error on this point.

### IV

■ The form of the verdict was amended by the jury with full concurrence and on the suggestion of counsel for appellant. The jury had not been discharged nor separated when this was done and was completely proper. Alabama cases dating back to 1841 hold that the jury may amend its verdict at any time before their discharge and separation. Hayes v. State, 44 Ala.App. 499, 214 So.2d 708; Helms v. United States, 5 Cir., 310 F.2d 236; State v. Underwood, 2 Ala. 744.

We find no reversible error in the record.

Affirmed.

All the Judges concur.