We granted certiorari review to determine whether an error in a trial court's order of restitution was correctable under Rule 29, Ala.R.Crim.P.
The respondent, Grady Dollar, pleaded guilty to a charge of arson in the second degree and a charge of arson in the third degree. He was sentenced to 2 years' imprisonment for the conviction of arson in the second degree and 12 months for the conviction of arson in the third degree, the two sentences to be served concurrently. Dollar was ordered to pay $50 to the Victims' Compensation Fund, court costs, and restitution.
On May 12, 1995, the trial court held a hearing on the claims for restitution submitted by the victim of the fire and her insurance company, based on their losses. The circuit court on that same day entered an order of restitution in favor of the victim, Amy Brewer, in the amount of $25,403.
On June 27, 1995, the trial court, sua sponte, entered the following amended order, which ordered that restitution of $22,740 be paid to American Bankers Insurance Company:
"AMENDED ORDER
 "The Court having . . . on May 12, 1995 ordered the Defendant, Grady Dollar, to pay restitution for losses incurred by the victim, Amy Brewer, in the amount of $25,403.00 and the order inadvertently having omitted restitution claimed by the insurance carrier, American Bankers Insurance *Page 210 
Company, the Court is of the opinion [that] an amended order is due to be entered accordingly. It is, therefore,
 "ORDERED that an order of restitution be entered in favor of American Bankers Insurance Company in the amount of $22,740 and that this judgment of restitution against the Defendant, Grady Dollar, will have the same force and effect as a civil judgment and shall be paid by the Defendant out of monies or funds available to him as he may be due even during his period of incarceration, making the total restitution to be paid by the Defendant, Grady Dollar, the sum of $48,143.00."
Based on Pickron v. State, 475 So.2d 599 (Ala. 1985), and Rule 24.2, Ala.R.Crim.P., the Court of Criminal Appeals held that the trial court no longer had jurisdiction over the matter when it amended the restitution order. Dollar v. State,687 So.2d 207 (Ala.Crim.App. 1996). We reverse, because we conclude that the amendment of the restitution order was authorized by Rule 29, Ala.R.Crim.P. That rule provides:
 "Clerical mistakes in judgments, orders, or other parts of the record, and errors arising from oversight or omission may be corrected by the court at [any time] of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court."
The committee comments to Rule 29 state that Rule 29 is taken directly from Rule 60(a), Ala.R.Civ.P. Because Rule 29 is taken directly from Rule 60(a), Ala.R.Civ.P., cases construing Rule 60(a) should be examined to determine the proper construction to be placed on Rule 29. See H. Maddox, Alabama Rules ofCriminal Procedure, § 29.1, p. 919 (2d ed. 1994).
In Cooper v. Cooper, 494 So.2d 109 (Ala.Civ.App. 1986), a divorce judgment divided the parties' assets; in that judgment the husband received a 1977 Chevrolet automobile the court had intended to award to the wife. The wife, more than 30 days after the entry of the divorce judgment, filed a motion pursuant to Rule 60(a), Ala.R.Civ.P., asking that the final judgment be interpreted so as to give her ownership of the 1977 Chevrolet. The trial court thereafter amended the judgment to award the Chevrolet to the wife. On appeal of that amending order, the Court of Civil Appeals held that the error was correctable either on a motion of a party or on the trial court's own initiative, under Rule 60(a). See also, Antepenkov. Antepenko, 584 So.2d 836 (Ala.Civ.App. 1991) (the trial court did not err in granting a husband's Rule 60(a) motion to amend a divorce judgment to reflect that certain farm equipment was not intended to be covered in a previous order dividing the parties' personal property).
In Continental Oil Co. v. Williams, 370 So.2d 953 (Ala. 1979), this Court held that an action of a trial judge, who stated in an order that he had intended to grant the plaintiff's motion to dismiss its claims, but had not done so through oversight or omission, was within the scope of Rule 60(a). In so holding, this Court stated:
 "The term 'clerical errors' [under Rule 60(a)] is not limited solely to errors by the clerk in transcription. It can also include errors by others, such as a jury foreman, counsel, a party, or the judge himself."
370 So.2d at 954. (Emphasis added.) See also, Ward v. Ullery,442 So.2d 99, 101 (Ala.Civ.App. 1983) (a judgment, because of a clerical error, stated that it was against "defendant" and not "defendants"; the trial court properly amended its judgment under Rule 60(a), Ala.R.Civ.P, to specify that the judgment had been entered against both defendants).
In this case, the trial judge stated in his order of June 27, 1995, that he had inadvertently omitted to order the restitution claimed by the insurance carrier, American Bankers Insurance Company. Based upon the above-cited cases interpreting Rule 60(a), Ala.R.Civ.P., we hold that the trial court's error was a clerical error correctable under Rule 29, Ala.R.Crim.P.
In addition, we hold that neither Pickron nor Rule 24.2(b) warrants the Court of Criminal Appeals' conclusion that the trial court lacked jurisdiction to amend the restitution order. Rule 24.2(b) provides that a motion in arrest of judgment must be filed *Page 211 
within 30 days after the sentence is pronounced and that the trial court acting on its own motion must meet the 30-day requirement. Rule 24.2(a) provides that the trial court shall arrest judgment "if the charging instrument does not charge an offense, or if the court was without jurisdiction of the offense charged." The trial court's action in this case was not in arrest of judgment; therefore, Rule 24.2(b) does not apply to it. In addition, we note that in Pickron this Court did not address the provision in Temporary Rule 13(b), Ala.R.Crim.P., now Rule 24.2(b), on which the Court of Criminal Appeals had relied in reaching its decision.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, INGRAM, and COOK, JJ., concur.