PER CURIAM.
 

 This pro se appeal, which was initiated as a mandamus petition, arises out of a criminal proceeding in the Morgan Circuit Court. In January 2000, David Clemons (“the inmate”) was convicted of the offense of trafficking in cannabis with respect to a quantity in excess of 2.2 pounds but less than 100 pounds, an offense that carries a mandatory minimum punishment of, among other things, 3 calendar years’ imprisonment and a $25,000 fine under the terms of subsection (l)a. of Ala.Code 1975, § 13A-12-231. After the inmate’s conviction as to that offense, the State of Alabama indicated that it would seek determinations during the sentencing stage
 
 of the
 
 case that the inmate was a habitual offender and that an additional enhancement to the inmate’s prison sentence was required by subsection (13) of § 13A-12-231, which mandates an additional 5-year prison sentence and an additional $25,000 fine when a person commits an act proscribed by § 13A-12-231 while in the possession of a firearm. On April 20, 2000, the trial court determined that the inmate was subject to the Habitual Felony Offender Act, Ala. Code 1975, § 13A-5-9, and sentenced him to a 99-year prison term on the trafficking charge. The trial court further indicated in its judgment that the inmate, “[i]n addition to the foregoing sentence,” was “sentenced to a period of _5_ years pursuant to Ala.Code § 13A-12-231,” and the trial court expressly found that the inmate “was in possession of a firearm at the time of the commission of the offense.” The inmate was fined $50,000, which is commensurate with the $25,000 fine amounts set forth in both subsections (l)a. and (13) of § 13A-12-231.
 

 After considering the inmate’s direct appeal from his conviction and the April 2000 sentencing order, the Court of Criminal Appeals affirmed, setting forth the following procedural history:
 

 “[The inmate] was convicted of trafficking in cannabis, a violation of § 13A-12-231(1), Ala.Code 1975. He was sentenced as a habitual offender with two prior felony convictions to 99 years’ imprisonment. See § 13A-5-9(b)(3), Ala. Code 1975. However,
 
 because [the inmate] was in possession of a firearm at the time of the offense, he was sentenced to an additional 5 years’ imprisonment,
 
 pursuant to the firearm-enhancement portion of the drug-trafficking statute, § 13A-12-231(13), Ala.Code 1975, for a total sentence of 104 years’ imprisonment. [The inmate] was also fined
 
 *183
 
 $25,000, pursuant to § 13A-12-231(l)a., and an additional $25,000, pursuant to § 13A-12-231(13).”
 

 Clemons v. State,
 
 814 So.2d 317, 317 (Ala.Crim.App.2001) (emphasis added).
 

 At some point before March 2005, the Alabama Department of Corrections (“DOC”) placed in its records pertaining to the inmate’s criminal history an entry indicating that the inmate had been convicted not only of the offense of trafficking in cannabis with respect to a quantity of between 2.2 and 100 pounds, but also a
 
 separate
 
 offense of trafficking in cannabis with respect to a quantity of less than 2,000 pounds. DOC appears to have erred in construing the trial court’s sentencing order, which, as we have noted, states that the inmate was, pursuant to § 13A-12-231, subject to a
 
 sentence,
 
 “[i]n addition to the ... sentence” for cannabis trafficking, of five years’ imprisonment because of his having possessed a firearm at the time of the trafficking offense for which he had been convicted. Confusingly,
 
 2
 
 portions of § 13A-12-231 provide for a 5-year term of imprisonment as to cannabis tracking: subsection (13), as we have noted, directs the trial court to enhance the sentence imposed as to any single trafficking offense (regardless of quantity) when a firearm is involved, whereas subsection (l)b. classifies a trafficking offense involving between 100 and 500 pounds of cannabis as punishable by a “mandatory minimum term of imprisonment of five calendar years” and also by a fine of $50,000. The DOC record regarding the inmate lists him as having been sentenced to a 99-year prison term and a $50,000 fine on a trafficking charge falling within the scope of a permissible sentence for an offense under subsection (l)a. of § 13A-12-231 as enhanced by subsection (13), but the record
 
 also
 
 shows him as having been sentenced to a 5-year prison term and
 
 no fine
 
 on a
 
 separate
 
 trafficking charge potentially falling within the scope of subsection (l)b. Although the root of DOC’s confusion is understandable, its mistake is clear.
 

 The inmate apparently discovered DOC’s mistake no later than October 2007, and he has vigorously sought correction of that mistake since that time. Unfortunately for the inmate, he appears not to have followed the proper legal procedures for seeking an order directing DOC to fully correct its records.
 
 [1]
 
 On December 12, 2007, the inmate, who is now incarcerated in Montgomery, moved for the production, by the trial-court clerk or judge, of a “conviction card”; as authority, the inmate cited Ala.Code 1975, § 14-3-8, which requires
 
 DOC
 
 to provide to “each convict, within a month after ... confinement, a card on which shall be written or printed ... the date of such convict’s conviction and the term and expiration of’ the sentence imposed. On December 19, 2007, the trial court entered an order determining that it had no jurisdiction to compel DOC to produce any such card.
 

 On December 26, 2007, the inmate moved, pursuant to Rule 29, Ala. R.Crim. P., the trial court “to reissue a corrected certified copy of the ‘mittimus, or writ of commitment, or the warrant of commitment’ ” that may have been issued “to convey ... [the inmate]” to the penal system, noting that DOC’s records indicated him as having two convictions and not one. The trial court, on January 2, 2008, en
 
 *184
 
 tered an order denying the inmate’s motion, noting that the motion, rather than seeking a correction of the trial court’s records, was actually challenging whether DOC had accurately computed the amount of time to be served by the inmate “pursuant to
 
 his conviction
 
 in the ... case.” The trial court opined that such relief could only be obtained by petitioning for a writ of habeas corpus in the “nearest circuit court” (Ala.Code 1975, § 15 — 21—6(b)). The inmate then filed a motion purportedly seeking “reconsideration” of the trial court’s order denying relief under Rule 29, Ala. R.Crim. P., after which the trial court issued an order on January 15, 2008, purporting to deny the reconsideration; that order noted, however, that the trial court’s own records “accurately reflect that [the inmate] was convicted as charged in his indictment in this case for a violation of’ Ala.Code 1975, § 13A-12-231(l)a.
 

 According to the inmate’s mandamus petition, the inmate filed on January 21, 2008, a “motion to compel” the trial judge and the trial-court clerk to provide a certified copy of any “warrant of commitment” of that court. The trial court, on January 28, 2008, denied the inmate’s “motion to compel,” stating that the inmate had the right under Ala.Code 1975, § 36-12-40, to a copy of any records of the trial court upon payment of the proper copying fee therefor.
 

 On February 15, 2008, the inmate petitioned the Alabama Court of Criminal Appeals for a writ of mandamus, seeking an order directing the trial court to reissue a “warrant of commitment affidavit” that would specifically refer to subsection (13) of § 13A-12-231, rather than generally to § 13A-12-231, as the basis for the trial court’s sentence enhancement. The Court of Criminal Appeals transferred the case to this court pursuant to its decision in
 
 Ex parte Teasley,
 
 967 So.2d 732 (Ala.Crim.App.2007), in which that court concluded that this court has jurisdiction to review judgments or orders in proceedings in which a defendant has sought to purge criminal records. This court ordered that the inmate’s mandamus petition be treated as an appeal and directed the designation and preparation of a record for review. The inmate then filed a notice of appeal from the trial court’s orders of January 2, 2008, and January 14, 2008, and a record and a supplemental record have been prepared and transmitted.
 

 The inmate’s brief on appeal asserts, among other things, that the trial court had jurisdiction under Rule 29, Ala. R.Crim. P., to correct its own records so as to unambiguously provide that the inmate had been convicted of one trafficking charge under § 13A-12-231(l)a. and that he had received a sentence enhancement under § 13A-12-231Q3) as to that offense. Regardless of the correctness of the inmate’s assertion as to this issue, we conclude that we lack jurisdiction to reverse the trial court’s order denying relief. The inmate’s Rule 29, Ala. R.Crim. P., motion was denied by the trial court on January 2, 2008, yet the inmate did not seek review by an appellate court until February 15, 2008, 44 days later, when he petitioned the Court of Criminal Appeals for a writ of mandamus.
 
 [2]
 

 As the Alabama Supreme Court noted in
 
 Dollar v. State,
 
 687 So.2d 209 (Ala.1996), Rule 29 of the Alabama Rules of Criminal Procedure “is taken directly from Rule 60(a)” of the Alabama Rules of Civil Procedure; thus, “cases construing
 
 *185
 
 Rule 60(a) should be examined to determine the proper construction to be placed on Rule 29.” 687 So.2d at 210. An order denying relief under Rule 60(a) is reviewable via appeal based on an abuse-of-discretion standard.
 
 See Hall v. Hall,
 
 445 So.2d 304, 305-06 (Ala.Civ.App.1984). However, under Rule 4(a), Ala. R.App. P., a notice of appeal “shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from,” and the inmate did not file a notice of appeal within 42 days of January 2, 2008. The inmate
 
 did
 
 file a notice of appeal within 42 days of the entry of the trial court’s January 15, 2008, order purporting to deny reconsideration of its ruling on the inmate’s Rule 29 motion, which as we have noted is analogous to a ruling on a Rule 60(a) motion. However, the January 15, 2008, order is inoperative, as we have held that “[a] trial court does not have jurisdiction to entertain a motion to reconsider the denial of a Rule 60 motion”; moreover, such a “reconsideration” motion as that filed by the inmate “[does] not suspend the running of the 42-day period for filing a notice of appeal upon the denial of the Rule 60 motion.”
 
 Langner v. Langner,
 
 599 So.2d 56, 58 (Ala.Civ.App.1992). Thus, to the extent that the inmate seeks review of the January 2 and January 15 orders, we conclude that the appeal is due to be dismissed.
 

 We note that the inmate’s brief, in addition to raising issues concerning the trial comb’s orders of January 2 and January 15, 2008, attempts to raise issues concerning the validity
 
 vel non
 
 of the enhancement to his sentence. As might be expected for a court constituted as the Alabama Court of
 
 Civil
 
 Appeals, this court’s jurisdiction is statutorily limited to “civil cases”
 
 (see
 
 Ala.Code 1975, § 12-3-10), and we are thus without jurisdiction to entertain any issues concerning the validity of the trial court’s judgment of conviction or its sentence such as might be raised in a postconviction petition under Rule 32, Ala. R.Crim. P. Likewise, this court, being a court of appellate review, does not have original jurisdiction to directly compel DOC to correct its records to reflect the truth of the inmate’s penal status, as sought by the inmate in his appellate brief. Although
 
 Ex parte Boykins,
 
 862 So.2d 587, 593 (Ala.2002), suggests that the inmate may remedy DOC’s error by petitioning for a writ of certiorari in a court of competent jurisdiction, it suffices to say here that such a petition has yet to be filed.
 

 The inmate’s appeal is dismissed.
 

 APPEAL DISMISSED.
 

 All the judges concur.
 

 [1]
 

 . The inmate appears to have directly contacted DOC’s records department in an effort to have DOC's records as to him corrected; however, the record reflects that DOC has continued to show the inmate as having two trafficking convictions, not one, although DOC has added the words "weapons enhancement handgun” to the second, spurious conviction entry.
 

 [2]
 

 . The inmate’s brief does not assert error as to the January 28, 2008, order denying his "motion to compel.”