PER CURIAM.
The appellant, James Beauford Lamb, Jr., appeals the circuit court’s summary dismissal of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P. In 2004, Lamb was convicted of rape in the first degree and sexual abuse in the first degree and was sentenced to 20 years’ imprisonment on the rape conviction and to 10 years’ imprisonment on the sexual-abuse conviction.[1] We affirmed his convictions on August 12, 2005, by an unpublished memorandum, Lamb v. State (No. CR-04-0665), 945 So.2d 1098 (Ala.Crim.App.2005) (table), and issued the certificate of judgment on August 31, 2005.
In June 2008, Lamb filed the underlying Rule 32 petition attacking his convictions.[2] *679 The State asserted in its motion to dismiss that Lamb’s petition was procedurally barred by Rules 82.2(a)(3), (a)(5), and (b), Ala. R.Crim. P. The circuit court summarily dismissed Lamb’s petition; this appeal followed.
The only argument Lamb raises on appeal is that the unanimous “not-guilty” verdict on the verdict form for his sexual-abuse conviction, count II of the indictment, was erroneously changed by seven members of the jury after the jury had been discharged and that the circuit court; therefore, lacked jurisdiction to render a judgment or to impose sentence on that count of the indictment.[3]
Lamb was charged in a four-count indictment: Count I charged Lamb with the first-degree rape of J.M.;[4] count II charged Lamb with the first-degree sexual abuse of J.M.; count III charged Lamb with incest with respect to J.M.; and count IV charged Lamb with the second-degree sexual abuse of KM. When the jury retired, the circuit court sent four verdict forms with them — one for each count of the indictment. Each verdict form had two options — guilty as charged in the indictment or not guilty as charged in the indictment, and under each option was a signature line for the jury foreman to sign designating the verdict. Although the verdict forms included the charge and the count in the indictment, they did not include the name of the victim.
When the jury returned its verdicts, the jury foreman orally announced guilty verdicts on counts I, II, and III. When the circuit court asked for a verdict on count IV, the foreman stated that he had signed the wrong designation on this verdict form.[5] The circuit court instructed the jury to return to the jury room to correct this error. When the jury returned, the foreman orally announced a “not-guilty” verdict on count IV.[6] The circuit court then polled the jury as to each of the counts on which it had found Lamb guilty. Each juror affirmed that he or she had found Lamb guilty on counts I, II, and III. The jury was then discharged.
When the circuit court proceeded to formally adjudicate guilt, it noticed that the verdict form for count II — the first-degree sexual abuse of J.M. — was signed by the jury foreman as “not guilty” — as opposed to what the foreman had orally announced in open court — “guilty.”
The trial court reassembled the jury but was able to locate only 7 of the 12 members, one of whom was the foreman. The circuit court asked the seven jurors to correct the verdict for count II of the indictment. After some discussion, the foreman indicated that the jury’s verdicts *680 were guilty as to counts I, II, and III, and not guilty as to Count IV. At the circuit court’s direction, the foreman changed the verdict form for count II to read “guilty.” (R. 400.)
The dispositive issue on appeal is whether the circuit court1 had the authority to direct the jury foreman to correct the mistake in filling out the verdict form for count II.
“Alabama cases dating back to 1841 hold the jury may amend its verdict at any time before their discharge and separation.” Smith v. State, 54 Ala.App. 722, 312 So.2d 414, 416-17 (1975).[7] However, Rule 29, Ala. R.Crim. P., allows a court to correct a clerical error at any time. Rule 29, Ala. R.Crim. P., states, in pertinent part:
“Clerical mistakes in judgments, orders, or other parts of the record, and errors arising from oversight or omission may be corrected by the court at anytime of its own initiative or on the motion of any party and after such notice, if any, as the court orders.”
The Alabama Supreme Court has explained that Rule 29, Ala. R.Crim. P, was “taken directly from Rule 60(a), Ala. R. Civ. P.[; therefore,] cases construing Rule 60(a) should be examined to determine the proper construction to be placed on Rule 29.” Dollar v. State, 687 So.2d 209, 210 (Ala.1996) (citing H. Maddox, Alabama Rules of Criminal Procedure, § 29.1, p. 919 (2d ed. 1994)). See also Rule 60(a), Fed.R.Civ.P.;. Rule 86, Fed R.Crim. P. “‘The term “clerical errors” [under Rule 60(a) ] is not limited solely to errors by the clerk in transcription. It can also include errors by others, such as a jury foreman, counsel, a party, or the judge himself.’” Dollar, 687 So.2d at 210 (quoting Continental Oil Co. v. Williams, 370 So.2d 953, 954 (Ala.l979))(emphasis omitted).
“The object of a Rule 60(a)[, Ala. R. Civ. P.,] [or a Rule 29, Ala. R.Crim. P.,] motion ... is to make the judgment or the record speak the truth.” BMJA, LLC v. Murphy, 41 So.3d 751, 756 (Ala.2010). Accordingly, Rule 29, Ala. R.Crim. P., and Rule 60(a), Ala. R. Civ. P., do “not authorize the court to render a different judgment.” Cornelius v. Green, 521 So.2d 942, 945 (Ala.1988) (citation omitted and emphasis added). These rules do, however, authorize the court to correct a clerical error in the record to accurately reflect the judgment that was rendered, i.e., to speak the truth. See Deramus Hearing Aid Ctr., Inc. v. American Hearing Aid Assocs., Inc., 950 So.2d 292, 295 (Ala.2006) (holding that Rule 60(a), Ala. R. Civ. P., authorized the circuit court to alter its order entering a summary judgment for Deramus and to change the order to enter a summary judgment for American Hearing because the judge had originally intended to enter a summary judgment for American Hearing). Consequently, the distinction between correcting a clerical mistake or error and rendering a different judgment is critical to determining whether the circuit court here had jurisdiction to correct the jury foreman’s mistake.
The Alabama Supreme Court has explained that a clerical mistake or error is “ ‘[a]n error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination.’” Deramus Hearing Aid Ctr., Inc., 950 So.2d at 294 (quoting Black’s Law Dictionary 582 (8th ed. 2004)). Rendering a different judgment, on the other hand, involves reweighing the evidence, *681 exercising judicial reasoning, and reaching a different result. Deramus Hearing Aid Ctr., Inc., 950 So.2d at 295. That is, a different judgment is rendered when the circuit court’s action “extend[s] to matters of substance required to be passed upon by a jury.” Great Atlantic & Pac. Tea Co. v. Sealy, 374 So.2d 877, 883 (Ala.1979) (citing Hood v. Ham, 342 So.2d 1317 (Ala. 1977)). See also Pierce v. American Gen. Fin., Inc., 991 So.2d 212, 216 (Ala.2008) (holding that Rule 60(a) “allows the correction of errors of a ministerial nature in order to reflect what was actually intended at the time of entry .of the order”; however, it does not permit “[ejorrections involving an exercise of judicial discretion,” or a legal decision). Accordingly, rendering a different judgment involves making a new decision, and correcting a clerical error involves altering the record to reflect accurately a past decision. See Deramus Hearing Aid Ctr., Inc., 950 So.2d at 295. While correcting a clerical error is within the circuit court’s authority under Rule 29, rendering a different judgment is not. Id.
In this case, the record clearly shows that the circuit court corrected a clerical error, as opposed to rendering a different judgment, when it corrected the verdict form relating to count II. At trial, the jury foreman announced that the jury had found Lamb guilty on count II of the indictment. The jury was polled before being dismissed and every juror affirmed that he or she had found Lamb guilty on count II.[8] After the jury had been dismissed, the circuit court noticed that the jury foreman had marked “not guilty” on the verdict form for count II. Seven jurors, including the foreman, were summoned back to the courtroom. At that point, the foreman informed the circuit court that the jury had unanimously found Lamb guilty on count II. He further explained that he had confused the verdict forms for counts two and four and had inadvertently marked “not guilty” on count II instead of Count IV. The circuit court then allowed the foreman to correct his mistake.
At no point was the evidence reweighed, discretion exercised, or a new decision rendered. Neither the circuit court nor the jurors reconsidered a question that had already been decided by the jury. Instead, the circuit court accepted evidence establishing the jury’s past verdict on count II and corrected the verdict form to accurately reflect that verdict, i.e., to speak the truth. See United States v. Stauffer, 922 F.2d 508, 514 (9th Cir.1990) (holding that Rule 36, Fed R.Crim. P. (the federal counterpart to Rule 29, Ala. R.Crim. P.), authorized the district court to correct the verdict form after the jury had been dismissed because “[t]he district court did not alter the jury’s verdict itself; it simply corrected the verdict form to reflect the jury’s true intent”); see Committee Comments to Rule 29, Ala. R.Crim. P. (“While the rule is intended to deal solely with correction of clerical errors and not judicial errors in the rendition of judgments and orders, evidence outside the record ... may be received and considered.”). Because the circuit court did not alter the jury’s verdict itself but simply corrected the verdict form to reflect the jury’s past decision and true intent, its action was authorized pursuant to Rule 29, Ala. R.Crim. P.
The United States Court of Appeals for the Ninth Circuit reached the identical conclusion in United States v. Stauffer, supra, when considering Rule 36, Fed. R.Crim.P., the federal counterpart to Rule *682 29, Ala. R.Crim. P. In Stauffer, the jury-foreman inadvertently marked on the verdict forms that Stauffer was guilty on count II and not guilty on count IV. After the jury was dismissed, postverdict interviews revealed that the jury had actually acquitted Stauffer on count II and found him guilty on count IV. The district court then corrected the verdict forms to reflect the jury’s true intent.
On appeal, Stauffer argued that the original verdict form finding him not guilty on count IV constituted an acquittal; therefore, he argued, correcting the verdict form violated the Double Jeopardy Clause of the Fifth Amendment. 922 F.2d at 518. The Ninth Circuit rejected Stauf-fer’s argument that the erroneous verdict form constituted an acquittal and reasoned:
“The district court did not alter the jury’s verdict itself; it simply corrected the verdict form to reflect the jury’s true intent.... Despite Stauffer’s admirable effort to persuade this Court that his right to be free from double jeopardy has been violated, the facts do not support a conclusion that the double jeopardy clause has been compromised in this case.”
922 F.2d at 514. Like Stauffer, the jury foreman’s inadvertent mistake when filling out the verdict form for count II did not constitute an acquittal. Instead, it was a clerical error that was properly corrected-pursuant to Rule 29, Ala. R.Crim. P.
Overwhelming evidence established that 12 jurors found Lamb guilty on count II of the indictment and that the jury foreman inadvertently marked the verdict form for count II “not guilty.” Upon learning of the foreman’s clerical mistake, the circuit court did not reweigh the evidence, reconsider the case, or exercise judicial reasoning. Deramus Hearing Aid Ctr., Inc., 950 So.2d at 294. Nor did the circuit court “alter the jury’s verdict itself; [instead,] it simply corrected the verdict form to reflect the jury’s true intent.” Stauffer, 922 F.2d at 514. Because the circuit court merely corrected the foreman’s clerical mistake, the circuit court’s action was authorized by Rule 29, Ala. R.Crim. P., and the circuit court did not lack jurisdiction to enter a judgment based on the corrected verdict form. Consequently, Lamb’s post-conviction claim was correctly dismissed because it was nonjurisdictional and procedurally barred pursuant to Rules 32.2(a)(5) and 32.2(b), Ala. R.Crim. P.
For the foregoing reasons, we conclude that the circuit court correctly summarily dismissed Lamb’s Rule 32 petition.
AFFIRMED.
WINDOM and MAIN, JJ., concur. WISE, P.J., concurs in the result, with opinion. KELLUM, J., dissents, with opinion, joined by WELCH, J.

. Lamb was also convicted of incest and was sentenced to 10 years on that conviction; however, he did not challenge that conviction or sentence in this Rule 32 petition.

. This was Lamb’s second Rule 32 petition attacking his convictions. In 2007, the circuit court dismissed Lamb’s first petition. On March 28, 2008, we affirmed the circuit court’s dismissal. See Lamb v. State, 21 So.3d 801 (Ala.Crim.App.2008) (table).

. This issue was not raised in Lamb’s first Rule 32 petition. We have taken judicial notice of our records for Lamb’s first Rule 32 petition. See Nettles v. State, 731 So.2d 626 (Ala.Crim.App. 1998).

. To protect the anonymity of the victims, we are using their initials. See Rule 52, Ala. R.App. P.

. We note that, in its brief on appeal, the State argues that the initial verdict form for count II reflected a guilty verdict, and that the jury erroneously changed that verdict to not guilty when it was sent back to the deliberation room to correct the verdict form for count IV. We have thoroughly reviewed the record from Lamb's direct appeal relating to this issue, and we do not agree with the State’s interpretation of the sequence of events. It is clear that the initial verdict form for count II submitted by the jury reflected a not-guilty verdict, inconsistent with the jury’s oral pronouncement of its verdict on that count.

.As a result of the error, the verdict form for count IV reflects the foreman’s signature under both the guilty and not-guilty options, with the signature under the guilty option being crossed out and the foreman’s initials appearing next to the crossed-out signature.

. See also T.D.M. v. State, [Ms. CR-08-0355, June 25, 2010] — So.3d-(Ala.Crim.App. 2010). In T.D.M., the jurors had been discharged but had not yet separated when they corrected the verdict form.

. The facts that the jury was polled and that every juror affirmed the verdict of guilt on count II is important because this fact distinguishes cases in which only a few jurors presented evidence of the jury's actual verdict.