KELLUM, Judge,
dissenting.
Because I believe that the circuit court did not merely correct a “clerical error” when it directed the jury foreman to change the verdict form for count II from *683 “not guilty” to “guilty” after the jury had been discharged, I respectfully dissent from the majority’s decision to affirm the circuit court’s summary dismissal of Lamb’s Rule 32, Ala. R.Crim. P., petition.
“Generally, a jury has the right to correct, amend, or change its verdict at any time before rendering its decision to the court, and the court has the power and duty to return the jury to correct a mistake before accepting the verdict and discharging the jury.”
Annot., Criminal Law: Propriety of Reassembling Jury to Amend, Correct, Clarify, or Otherwise Change Verdict After Jury has been Discharged, or has Reached or Sealed its Verdict and Separated, 14 A.L.R.5th 89 (1993). See Cunningham v. State, 14 Ala.App. 1, 8-9, 69 So. 982, 985 (1915), reversed on other grounds, McIntosh v. State, 33 Ala.App. 534, 36 So.2d 109 (1948) (“Nor was there error in the court’s allowing the verdict to be completed and verified by the jury as their verdict after it had been read by the clerk, when it appears that the jury, although discharged, was called back by the court for the purpose of completing the verdict before leaving the courtroom.”); Cook v. State, 60 Ala. 39 (1877) (“The jury, in the present case, were discharged, and had dispersed among the audience in the court-house and person outside. It would be a dangerous precedent, to hold that, after this, the persons who composed that jury could be reassembled as such to render a verdict in a case of which they had been thus discharged.”).
In this case, before a verdict for count IV was entered on the record, the foreman brought the mistake on the verdict form to the circuit court’s attention, and the court correctly allowed the jury to retire to the jury room to correct this error.
“When the jury return into court with a verdict, it is not a matter of course to receive it in the form in which it is rendered. It is the duty of the court, and of the prosecuting officer, to look after its form and substance, so far as to prevent an unintelligible, or a doubtful, or an insufficient verdict from passing into the records of the court, to create embarrassments afterward and perhaps the necessity of a new trial.”
Allen v. State, 52 Ala. 391 (1875). See also Bentley v. State, 20 Ala.App. 635, 104 So. 679 (1925).
Nonetheless, in attempting to correct the discrepancy as to count II, the court reconvened, in part, a jury that had been discharged by the circuit court. “Alabama cases dating back to 1841 hold that the jury may amend its verdict at any time before their discharge and separation.” Smith v. State, 54 Ala.App. 722, 725, 312 So.2d 414, 416-17 (1975). See State v. Underwood, 2 Ala. 744 (1841). However,
“[w]hen a jury has been discharged by the court and has left the courtroom so as to place themselves beyond the immediate, continuous control of the court, their connection with the case ceases to exist and thereafter that case is beyond their control.”
Hayes v. State, 44 Ala.App. 499, 501-02, 214 So.2d 708, 710 (1968). The circuit court could not amend the verdict form after the jury had been discharged and after the jurors had placed themselves beyond the “control of the court.”
Moreover, the oral verdict of “guilty” that was announced in open court did not take precedence over the written verdict of “not guilty.”
“Although a verdict may be written or oral, where there is both a written and oral verdict, it is necessary that each be in accord with the other. If any incon-sistence or ambiguity exists in the verdict, it must be corrected prior to the dismissal of the jury and failure to do so, *684 as in the instant case, will result in a reversal of the case upon trial.”
Hayes, 44 Ala.App. at 502, 214 So.2d at 711. See also Petitti v. State, 2 Okla.Crim. 131, 100 P. 1122, 1124 (1909) (“The written verdict of not guilty returned into court by the jury could not be impeached or contradicted by the testimony of the persons who constituted the jury, as was done in this case, and that after the discharge of the jury this verdict became final and conclusive upon the state”).
While I recognize that Rule 29, Ala. R.Crim. P., allows a circuit court to correct a clerical error in a judgment at any time, changing a verdict form from “not guilty” to “guilty” is beyond the scope of Rule 29, Ala. R.Crim. P. Rule 29, Ala. R.Crim. P., states, in pertinent part:
“Clerical mistakes in judgments, orders, or other parts of the record, and errors arising from oversight or omission may be corrected by the court at anytime of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court.”
The Alabama Supreme Court has liberally construed the scope of Rule 29, Ala. R.Crim. P., and relied on cases interpreting the civil counterpart, Rule 60(a), Ala. R. Civ. P. See Dollar v. State, 687 So.2d 209 (Ala.1996). In Dollar, the Supreme Court stated:
“The committee comments to Rule 29 state that Rule 29 is taken directly from Rule 60(a), Ala. R. Civ. P. Because Rule 29 is taken directly from Rule 60(a), Ala. R. Civ. P., cases construing Rule 60(a) should be examined to determine the proper construction to be placed on Rule 29. See H. Maddox, Alabama Rules of Criminal Procedure, § 29.1, p. 919 (2d ed. 1994).
“In Cooper v. Cooper, 494 So.2d 109 (Ala.Civ.App.1986), a divorce judgment divided the parties’ assets; in that judgment the husband received a 1977 Chevrolet automobile the court had intended to award to the wife. The wife, more than 30 days after the entry of the divorce judgment, filed a motion pursuant to Rule 60(a), Ala. R. Civ. P., asking that the final judgment be interpreted so as to give her ownership of the 1977 Chevrolet. The trial court thereafter amended the judgment to award the Chevrolet to the wife. On appeal of that amending order, the Court of Civil Appeals held that the error was correctable either on a motion of a party or on the trial court’s own initiative, under Rule 60(a). See also, Antepenko v. Antepenko, 584 So.2d 836 (Ala.Civ.App.1991) (the trial court did not err in granting a husband’s Rule 60(a) motion to amend a divorce judgment to reflect that certain farm equipment was not intended to be covered in a previous order dividing the parties’ personal property).
“In Continental Oil Co. v. Williams, 370 So.2d 953 (Ala.1979), this Court held that an action of a trial judge, who stated in an order that he had intended to grant the plaintiffs motion to dismiss its claims, but had not done so through oversight or omission, was within the scope of Rule 60(a). In so holding, this Court stated:
“ ‘The term “clerical errors” [under Rule 60(a) ] is not limited solely to errors by the clerk in transcription. It can also include errors by others, such as a jury foreman, counsel, a party, or the judge himself’
“370 So.2d at 954. (Emphasis added.) See also, Ward v. Ullery, 442 So.2d 99, 101 (Ala.Civ.App.1983) (a judgment, because of a clerical error, stated that it was against ‘defendant’ and not ‘defendants’; the trial court properly amended *685 its judgment under Rule 60(a), Ala. R. Civ. P, to specify that the judgment had been entered against both defendants).”
687 So.2d at 210. However, this Court has also held that “ ‘[w]hile [Rule 60(a), Ala. R. Civ. P.,] authorizes a court to amend a judgment to correct a clerical error, [it] does not authorize the court to render a different judgment.’ Mullins v. Mullins, 770 So.2d 624, 625 (Ala.Civ.App.2000).” Woodward v. State, 3 So.3d 941, 949 (Ala. Crim.App.2008).
“The committee comments to Rule 60(a) state:
“‘This subdivision deals solely with the correction of clerical errors. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). Thus the Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.’ ”
Cornelius v. Green, 521 So.2d 942, 945 (Ala.1988). “A trial court only has authority to amend a jury verdict regarding matters of form or clerical error; this does not extend to matters of substance required to be passed upon by a jury.” Great Atl. & Pac. Tea Co. v. Sealy, 374 So.2d 877, 883 (Ala.1979). Certainly, a finding of guilt or innocence is a matter of substance outside the realm of those errors contemplated in Rule 29, Ala. R.Crim. P. In the instant case, Lamb was effectively found guilty of first-degree sexual abuse by a jury of 7— rather than by a jury of 12, as the law requires.
The main opinion relies on United States v. Stauffer, 922 F.2d 508 (9th Cir.1990) — a case relied on by no other jurisdiction. Notably, in Stauffer, during postverdict interviews of several jurors initiated by Stauffer’s counsel, it was discovered that the jury had made a clerical error. The opinion does not affirmatively state whether the jury had been discharged at the time of the disclosure of the clerical error. After discovering the error, the trial court solicited affidavits from the jurors and “[a]ll the jurors attested to the clerical error.” Stauffer, 922 F.2d at 511. The opinion in Stauffer implies that the correction of the verdict form was based on the unanimous agreement of the jurors that the signed verdict form did not reflect their true verdict. In the instant case, unlike in Stauffer, only 7 of the 12 jurors returned to the courtroom to correct the verdict form after being discharged by the trial court.
Further, the issue presented in this case is jurisdictional and, thus, is not subject to the procedural bars contained in Rule 32, Ala. R.Crim. P. A circuit court’s jurisdiction over a case terminates when a jury returns a “not guilty” verdict. “The United States Supreme Court has long recognized the basic legal premise that once a jury returns a ‘not guilty’ verdict all criminal proceedings against the defendant are at an end.” Ex parte Bishop, 883 So.2d 262, 264 (Ala.Crim.App.2003). Rule 26.2, Ala. R.Crim. P., states: “When a defendant is acquitted of any charge, or of any count of any charge, judgment pertaining to that count or to that charge shall be pronounced and entered accordingly.”[9] See State v. McBride, 252 Neb. 866, 567 N.W.2d 136 (1997) (“[t]he jury having, by its verdict, determined the prisoner not guilty as charged, although it further adjudged him guilty of another crime, the trial court had no jurisdiction to sentence him, hence its attempt in that direction was illegal in such sense that it was void.”).
*686 In my opinion, the main opinion’s reliance on Stauffer is misplaced for two reasons. First, the decision in Stauffer appears to represent what could best be characterized as a “minority” position. See Annot., 14 A.L.R. 5th 89. Second, by electing to follow Stauffer, the main opinion appears to ignore more than a century of Alabama precedent. Accordingly, I have no choice but to dissent from the majority’s decision. However reprehensible Lamb’s conduct, the circuit court could not adjudicate Lamb guilty and sentence him for a conviction for which the jury had returned a “not-guilty” verdict. Therefore, the circuit court’s ruling dismissing Lamb’s Rule 32 petition is due to be reversed and Lamb’s conviction for first-degree sexual abuse vacated.
WELCH, J., concurs.

. Compare Rule 32(k)(l), Fed.R.Crim.P., which states, in part: "If the defendant is found not guilty or is otherwise entitled to be discharged, the court must so order.”