SHAW, Justice
(dissenting).
I respectfully dissent. The jury in this case was charged on four counts. After the deliberations, the jury foreman orally announced guilty verdicts as to counts I, II, and III. The foreman then indicated to the trial court that the written verdict form was incorrect as to count IV, and the jury returned to the jury room to clarify its verdict on count IV. The jury returned and delivered an oral verdict of “not guilty” as to count IV. The written verdict form delivered to the trial court, however, indicated that the jury had found the defendant “not guilty” on count II. This fact was not discovered until after the jury had been discharged.
I agree that the oral verdict delivered by the foreman on count II, a verdict finding the defendant guilty, conflicts with the written verdict form indicating a verdict of “not guilty” on that count. If the facts of this case ended there, I would agree that a reversal of the Court of Criminal Appeals’ judgment was appropriate.
However, after receiving the oral verdict of not guilty on count IV, the trial court undertook to confirm the guilty verdicts on counts I, II, and' III. The trial court stated:
“All right. Ladies and gentlemen, as to counts one, two, and three, I am going to poll you. What I mean, I am going to ask you individually whether this verdict is your verdict individually.... And this pertains to all three verdicts that you have voted guilty on. All right? Were these your verdicts?”
Each individual juror then confirmed that they found the defendant guilty as to counts I, II, and III.
There is no confusion in this case as to the jury’s actual verdict on count II: the jurors individually confirmed the foreman’s oral verdict of “guilty” on that count. The trial court specifically indicated that it was going to inquire as to each juror’s verdict on counts I, II, and III for the purpose of ensuring that the “three verdicts that you ... voted guilty on” were “your verdicts.” [4] This clarified and rectified any existent conflict between the oral verdict already delivered by the foreman and the written verdict already delivered to but not yet read by the trial court. After the jury was polled, the inconsistency was resolved.[5]
As noted in the main opinion, the trial court attempted to reassemble the dismissed jury for the purpose of correcting the written verdict form. I agree that the trial court could not allow the jury to amend its verdict after the jury had been dismissed. Hayes v. State, 44 Ala.App. 499, 502, 214 So.2d 708, 710 (1968) (“[0]nce the jury has been discharged and left the court’s control, they could not thereafter be resummoned in order to correct or amend a verdict.”). However, any error committed by the trial court was harmless because under Rule 29, Ala. R.Crim. P., the trial court has the power to correct a mistake on the written verdict form. Specifically, Rule 29 allows a trial court to correct “[ejlerieal mistakes in judgments, orders, or other parts of the record, and errors arising from oversight or omission....” The “clerical errors” that can *693 be corrected under Rule 29 include “‘errors by others, such as a jury foreman, counsel, a party, or the judge himself.’” Dollar v. State, 687 So.2d 209, 210 (Ala. 1996) (quoting Continental Oil Co. v. Williams, 370 So.2d 953, 954 (Ala.1979) (emphasis omitted)).[6] As the Court of Criminal Appeals noted, Rule 29 “authorize[s] the court to correct a clerical error in the record to accurately reflect the judgment that was rendered, i.e., to speak the truth.” Lamb v. State, 113 So.3d 677, 680 (Ala.Crim.App.2010). The jury’s true verdict, as confirmed and clarified by the trial court’s polling of the jury, was a verdict of “guilty” on count II. The trial court was free under Rule 29 to correct the mistake of the foreman on the written verdict form so that it would represent the jury’s true verdict expressed when it was polled.
The main opinion appears to elevate the written verdict over the oral verdict and appears to say that the trial court has no authority to alter a written verdict. 113 So.3d at 680-82. Under Rule 26.1, Ala. R.Crim. P., a judgment is “the adjudication of the court” based on, among other things, “the verdict of the jury.” Although Rule 23.1(a), Ala. R.Crim. P., states that a “verdict of the jury ... shall be in writing” and that written verdicts, are “preferable” to oral verdicts, “case law states that it is not essential to a verdict that the verdict be in writing.” Committee Comments to Rule 23.1. The trial court is thus free to enter a judgment on an oral verdict as well as on a written verdict. In the instant case, the jury members confirmed that the oral verdict delivered by the foreman on count II — “guilty”—was “their verdict,” and the trial court was free to enter its judgment finding Lamb guilty on count II based on that oral verdict.
In Hayes v. State, the defendant was charged with grand larceny and with buying, receiving, or concealing stolen property. The jury was given three verdict forms: “(1) One for Grand Larceny; (2) one for buying, receiving, or concealing stolen property; and (3) one for not guilty.” 44 AlaApp. at 500, 214 So.2d at 709. The jury was instructed to return only one form. After deliberations, the jury reached a decision and gave an oral verdict finding the defendant guilty of grand larceny. After the jury was discharged, it was discovered that the jury foreman, contrary to the trial court’s instruction, had completed and signed both the verdict form finding the defendant guilty of grand larceny and the form finding him guilty of buying, receiving, or concealing stolen property.
The jury’s verdict, the court stated, was “insufficient in substance.” 44 AlaApp. at 502, 214 So.2d at 710. An ambiguity existed because the two written verdicts could not both stand, and one of the written verdicts conflicted with the oral verdict. Unlike the present case, before the jury could be polled as to its true verdict, it was discharged. On application for rehearing, the State contended that the oral verdict should be given precedence over the written verdicts. The court rejected that argument, stating:
“Although, a verdict may be written or oral, where there is both a written and oral verdict, it is necessary that each be in accord with the other. If any incon-sistence or ambiguity exists in the verdict, it must be corrected prior to the dismissal of the jury and failure to do so, *694 as in the instant case, will result in a reversal of the case upon trial.”
44 Ala.App. at 502, 214 So.2d at 711 (emphasis added). Hayes states that any inconsistency or ambiguity in “the verdict” must be resolved before the jury is dismissed. It does not stand for the proposition that a written verdict must be clarified and amended before the jury is discharged in order for “the verdict” of the jury to stand; such a holding would elevate form over substance.
In the instant case, an “ineonsistenc[y] or ambiguity exist[ed] in the verdict” of the jury because the oral verdict delivered by the foreman and the written verdict delivered to the trial court conflicted. That conflict, however, was “corrected pri- or to the dismissal of the jury” by the trial court’s polling of the jury. Although the conflict had not yet been noticed, the very purpose of the poll was to clarify that the verdicts of “guilty” on counts I, II, and III were correct. I would hold that the record affirmatively demonstrates that the jury found Lamb guilty on count II and that the trial court properly entered a judgment on that verdict. Thus, I would affirm the decision of the Court of Criminal Appeals.

. I cannot conclude that there existed a juror or jurors who actually intended to deliver a guilty verdict only on two counts but then specifically confirmed when polled that he or she delivered a guilty verdict on three counts.

. In Ex parte T.D.M., [Ms. 1091645, October 28, 2011] - So.3d- (Ala.2011), a decision released today, the trial court discharged the jury before the verdict could be confirmed. The trial court in that case attempted to recall the jury to amend its verdict in violation of the "the general rule that a jury cannot be recalled after discharge to amend its verdict.” — So.3d at-.

. Continental Oil involved a discussion of Rule 60(a), Ala. R. Civ. P. "Because Rule 29 is taken directly from Rule 60(a), Ala. R. Civ. P., cases construing Rule 60(a) should be examined to determine the proper construction to be placed on Rule 29.” Dollar, 687 So.2d at 210.