On Remand from the Alabama Supreme Court

PER CURIAM.
James Beauford Lamb, Jr., appealed the circuit court’s summary dismissal of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P. Lamb’s petition challenged his convictions for first-degree rape and first-degree sexual abuse and his resulting sentences of 20 years’ imprisonment on the rape conviction and 10 years’ imprisonment on the sexual-abuse conviction. This Court affirmed the circuit court’s judgment. Lamb v. State, 113 So.3d 677 (Ala.Crim.App.2010). Lamb then petitioned the Alabama Supreme Court for certiorari review. In an opinion issued October 28, 2011, the Alabama Supreme Court reversed our judgment insofar as it affirmed the circuit court’s summary dismissal of that part of Lamb’s Rule 32 petition challenging his conviction for first-degree sexual abuse.[1] Ex parte Lamb, 113 So.3d 686, 691 (Ala.2011). As *695 to the conviction for first-degree sexual abuse, the Supreme Court specifically held:
“The jury delivered two inconsistent verdicts as to count II of the indictment charging Lamb with first-degree sexual abuse, one of which was a written verdict form finding Lamb ‘not guilty,’ which became final when it was accepted by the court and the jury discharged. The jury then left the presence and supervision of the court. Thereafter, neither the jury nor the trial court had the power to alter the verdict. Preferred Risk [Mut. Ins. Co. v. Stuart J, 395 So.2d [980,] at 987 [ (Ala.1981) ]. The written verdict form for count II signed by the jury foreman that was delivered to the court indicated that the jury found Lamb ‘not guilty’ of sexual abuse in the first degree, as charged, and that is the verdict that must stand. Any subsequent alteration of the verdict under the facts of this case would subject Lamb to being placed twice in jeopardy for a crime he had been acquitted of and would violate his rights against double jeopardy under the United States Constitution and the Alabama Constitution.
“The Court of Criminal Appeals’ affir-mance of the Tallapoosa Circuit Court’s summary dismissal of Lamb’s Rule 32 petition therefore must be reversed and the cause remanded to that court for further proceedings consistent with this opinion.”
Ex parte Lamb, 113 So.3d at 691.
In accordance with the opinion of the Alabama Supreme Court, we remand this case to the circuit court for it to vacate the part of its judgment summarily dismissing that part of Lamb’s Rule 32 petition challenging his conviction for first-degree sexual assault and to enter a new judgment consistent with the Supreme Court’s opinion in Ex parte Lamb.
REMANDED WITH DIRECTIONS. *
WINDOM, P.J., and WELCH, KELLUM, BURKE, and JOINER, JJ., concur.

. In a footnote, the Supreme Court stated: “Lamb was charged with first-degree rape, first-degree sexual abuse, and incest with regard to one victim (counts I, II, and III) and with second-degree sexual abuse as to another victim (count IV). Only issues relating to count II — the first-degree-sexual-abuse conviction — are before us." Ex parte Lamb, 113 So.3d at 687 n. 1 (emphasis added).

 Note from the reporter of decisions: On November 30, 2012, on return to remand, the Court of Criminal Appeals affirmed, without opinion.